WILLIAM HASLIP, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

**Criminal Law:** FORGERY: INDICTMENT AND EVIDENCE. Indictment and conviction for uttering and publishing as genuine a certain promissory note for $500, payable to the order of William Haslip five years from date, with interest at 12 per cent per annum, payable semi-annually. The note offered in evidence calls for interest, payable annually, and is indorsed with the name of the payee; also with two payments—one being for $47.60, the other 1.20. *Held,* That there was a variance between the allegation and the proof.

ERROR to the district court of York county. Tried below before POST, J. Verdict against plaintiff in error, and sentence that he be confined in the penitentiary for four years.

*France & Sedgwick,* for plaintiff in error, cited 1 Bishop Crim. Pro., 235. *Brown v. The State,* 66 Ill., 344. 1 Wharton Crim. Law, sec. 607. *State v. Handy,* 20 Me., 81.

*C. J. Dilworth, Attorney General,* for the State.

COBB, J.

A number of points are made and errors assigned by the plaintiff in error, but one of which will be considered.

The count in the indictment upon which the plaintiff in error was convicted is as follows, after the formal part: " That the said William Haslip * * * unlawfully and feloniously did utter and publish as true and genuine a certain false, forged, and counterfeited promissory note for the payment of money, which said false, forged, and counterfeited promissory note for the payment of money is of the purport, value, and effect following, to-wit:

" No.  ·                " York, Neb., Aug. 21, 1877.

" August 21, 1882, after date, for value received I promise to pay to the order of William Haslip five hundred (500) dollars at York, Nebr., with interest at twelve (12) per cent per annum, from date until paid, together with a sum equal to ten (10) per cent of said amount as attorney's fees if action is brought on this note or the mortgage given to secure the same, or if the same is not paid when due, interest payable *semi-annually*.

" Due Aug. 21, 1882.

His

" David F. x Burton.

Mark

" With intent thereby unlawfully to defraud," etc.

Upon the trial the district attorney offered in evidence a note, differing only on its face from the one set out in the indictment, as above copied, in this, that the note offered calls for interest payable *annually*, and upon the back of the note offered are the following words: " Wm. B. Haslip."   "October 21st, $47.60." " November 10, 1.20."

To the introduction of this note the defendant below objected for the reasons—*first*, that it varies from the note set out in the indictment, etc.   The court overruled the objection and the defendant excepted. The plaintiff in error made the overruling of his said

objection and the admission of said note in evidence to the jury one of the grounds of his motion for a new trial, which was also overruled.

" In all criminal prosecutions where written instruments enter into the gist of the offense, as in forgery, uttering forged instruments, etc., they (the false instruments) should be set out in words and figures. Thus the omission of a word in an indictment for forgery is fatal." The law is thus laid down by Wharton in his work on "American Criminal Law," and is amply sustained by the numerous cases, both ancient and modern, cited by him. In some of the cases it is held that the mere mis-spelling of a word, where it does not by reason thereof come to have the sense and meaning of some other word, is not fatal, but I can find no case where it has been so held where one word was substituted for another, so as to materially change the legal effect of the instrument.

In the case at bar the plaintiff in error is indicted for uttering a forged note running five years at 12 per cent interest, interest payable semi-annually. This interest and its semi-annual payment is an important feature in considering the value of the paper had it been genuine, and hence the paper introduced calling only for annual interest falls short of establishing the crime as charged in the indictment, and unless we set aside those rules of criminal pleading which have always been deemed essential to the safety of the people we cannot sustain a conviction on such evidence. On the back of the note given in evidence is the following: " Wm. B. Haslip, October 21st, $47.60. November 10, 1.20." The note on its face is payable to the order of William Haslip, so that it could not have been " uttered " by the plaintiff in error without his indorsement, and such indorsement, when made, became a material part of the note, and no description, much

less a copy of the note, is complete without it. The other words and figures on the back of the note show two payments had been made on it, amounting in the aggregate to $48.80, thus reducing the nominal value of the note from $500 to $451.20.

In the case of *The State v. Handy*, 20 Me., 81, the indictment was for altering a paper in the nature of a receipt and order to the sheriff to allow $48 on an execution. The proof showed that the paper when signed by the execution plaintiff was for $20. But upon the back of the paper were these words: "He says he worked for me one day, for which I owe him $1, making in all $49, which you may allow him on the execution." The proof was that the figures 49 were originally 21. In the indictment no notice had been taken of the words on the back of the paper. In the opinion the court say: "The order is set forth in the indictment for the sum of $48; but upon inspection of the instrument alleged to be forged it appears there is the further sum of one dollar due. It is, then, an order for the sum of $49, and the instrument, not having been truly set forth in the indictment, the exceptions are sustained, and the verdict set aside."

In the case at bar the plaintiff in error is convicted for uttering a forged note for $500; but upon inspection of the instrument as uttered it lacks nearly one-tenth of that sum.

REVERSED AND REMANDED.