## GEORGE DAVIS V. STATE OF NEBRASKA.

FILED APRIL 19, 1899.    No. 10566.

58  465
61  278
61  279

1. **Criminal Law: INTENT TO DEFRAUD: INFORMATION.** "It shall be sufficient in any indictment, where it shall be necessary to allege an intent to defraud, to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person or body corporate." (Criminal Code, sec. 417; *Roush v. State*, 34 Neb. 325; *Morearty v. State*, 46 Neb. 652.)

2. **Forgery: EVIDENCE OF OTHER ACTS.** In a trial on the charge of uttering forged instruments evidence of similar acts on the same day may be received to show the guilty knowledge or the intent of the accused in the act charged.

3. ———: **INFORMATION: COPY OF INSTRUMENT.** In an information of the uttering a forged written or printed instrument there should be set forth a copy or the purport of each material portion of said instrument.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. *Reversed.*

*Macfarland & Altschuler,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state.

HARRISON, C. J.

The plaintiff in error was charged in an information filed in the district court of Douglas county with the forgery of railroad passenger tickets in one count of the information, with uttering forged tickets in a second count, and with having such tickets in his possession in a third count. During a trial the third count was abandoned by the state and the trial jury returned a verdict by which the plaintiff in error was pronounced not guilty of the charge in the first count and guilty of that in the second. After motion for a new trial heard and overruled the accused was sentenced to imprisonment in the penitentiary for a term of three years.

34

In the error proceeding to this court it is complained that the information was insufficient, in that it charged the intent to defraud in general and not as to any specific or designated person, etc. It is in this connection urged that the doctrine announced by this court in *Roush v. State*, 34 Neb 325, and *Morearty v. State*, 46 Neb. 652, that to state the intent to defraud generally will suffice, is radically wrong and should be overruled. The decisions to which reference is made do not state or publish a rule other than is plainly and clearly, without ambiguity, expressed by the legislature in section 417 of the Criminal Code, wherein it is prescribed in unequivocal terms, and with no necessity or room for construction: "It shall be sufficient in any indictment, where it shall be necessary to allege an intent to defraud, to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person or body corporate." With this in view we must adhere to the decisions which have been herein made the subject of attack.

The evidence tended to prove that on July 2, 1898, the plaintiff in error sold the ticket, upon the sale of which the charge in the information was predicated, to a "ticket broker" in Omaha. It purported to be the return portion of an excursion ticket from Chicago to Council Bluffs and return. There was also evidence that on the same day the plaintiff in error, in the same city, made quite a number of other sales to different ticket brokers of similar tickets, differing probably only in the number. Each ticket had a specific number. They all appeared to have been issued by one road. The reception of this evidence of the sales other than the one of the ticket declared upon in the information was assigned for error and the assignment is now urged. The general rule is that evidence of the commission or attempt to commit a crime similar to the one charged is inadmissible. (*Morgan v. State*, 56 Neb. 696; *Berghoff v. State*, 25 Neb. 213; *Davis v. State*, 54 Neb. 177.) But an exception has been quite uniformly

Davis v. State.

made in trials of some charges, of which is the one in the case at bar, where it is necessary to show the intent or guilty knowledge of the accused. The evidence in this case of these similar acts was not to show that the party charged had committed other similar distinct crimes, but to bear upon the question of his knowledge of the quality of his act and the intent with which he did it. The acts of sales of tickets by the plaintiff in error were all of one date, of similar tickets, in all particulars so nearly identical as to be almost connected, and were clearly within the reason of the exception to the general rule. The purpose of, and the effect to be given to, the evidence of the other similar acts should have been outlined and enforced by an instruction. (*Knights v. State*, 58 Neb. 225.) For a statement in regard to the exceptions to the general rule see Roscoe, Criminal Evidence [7th ed.] 92. In its support there is cited *Knights v. State, supra; State v. Raymond*, 53 N. J. Law 260, 21 Atl. Rep. 328; *Commonwealth v. McCarthy*, 119 Mass. 354; *Pierson v. People*, 79 N. Y. 424; 1 Rice, Evidence, 453.

The count of the complaint of the charge of which the plaintiff in error was adjudged guilty was in part as follows: "And the said Howard H. Baldrige, county attorney as aforesaid, upon his oath and by the authority aforesaid, further gives the court to understand and be informed: That the said George Davis, on the said 2d day of July, in the year aforesaid, in the county of Douglas and state of Nebraska aforesaid, then and there being in said county, and then and there having in his custody and possession a certain false, forged, counterfeited, and falsely printed ticket, purporting to have been issued by the Chicago & Northwestern Railroad Company, of the purport, value, and effect following, to-wit:" Here was inserted a copy of what appeared on the face of the ticket, and further: "Then and there knowingly and feloniously did utter and publish the same as true and genuine, with the intent then and there and thereby unlawfully to defraud; he, the said George Davis, then and there well

knowing said false, forged, and counterfeited ticket as aforesaid to be false, forged, and counterfeited." On the back of the ticket there was stamped "C. & N. W. Ry. W. W. Coup, Ticket Agent. Jul. 1, 1898. 22 Fifth Ave., Chicago." This was omitted from the complaint. It will be seen from the quotation we have made that the charge was of uttering a ticket purporting to have been issued by the Chicago & Northwestern Railroad Company." It was testified that a part of the act of issuance of each ticket by an agent was to stamp it on its back similarly to what appeared on the one upon which the complaint was founded, the date in the stamp to be that of the issue; that the impress of the stamp appears is evidential of the act of issuing the ticket. Whether the impress of the stamp on the back of the ticket herein immediately in question was spurious or genuine was a subject of specific inquiry during the trial, was a material fact in the establishment of the charge in the information, so much so that it may be said that it was elemental of the accusation, and if so, it should have been of the description in the information of the alleged forged and uttered instrument; and as it was omitted therefrom, the information was not of the crime of which proof was received, and there was a variance. (*Roode v. State*, 5 Neb. 174; *Haslip v. State*, 10 Neb. 591.)

There are other assignments of error, but we deem their discussion at this time unnecessary. For the error indicated the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.