## STATE OF NEBRASKA V. JOHN H. LOECHNER.

FILED OCTOBER 9, 1902. No. 12,594.

**Malfeasance in Office:** MINISTERIAL OFFICER: MEMBER OF SCHOOL BOARD: CRIMINAL CODE. A member of a board of education of a school district in a city having a population of over fifteen hundred, organized under the provisions of subdivision 14, chapter 79, of the Compiled Statutes, is a ministerial officer within the meaning of the term as used in section 180 of the Criminal Code, providing for the punishment of certain public officers for malfeasance in office.

ERROR from the district court for Douglas county. Tried below before BAXTER, J. John Henry Loechner indicted for malfeasance in office; demurrer to indictment; demurrer sustained; state brings error; exceptions of county attorney sustained. *Exceptions sustained.*

*George W. Shields, Elmer E. Thomas* and *Harry E. Burnam,* for the state.

*Ed P. Smith, contra.*

HOLCOMB, J.

This cause comes here for review on exceptions by the county attorney to an order of the district court sustaining a demurrer interposed by the defendant to an indictment returned against him by the grand jury charging him with the offense of malfeasance in office. The defendant, Loechner, was a member of the board of education of the school district of South Omaha, Douglas county, Nebraska. In the indictment it is charged that he "unlawfully, willfully, and corruptly, as such member of said board of education, caused to be given away out of the funds of said school district aforesaid, to Ed Munshaw & Co., a copartnership, the sum of $100, of the value of $100 the money of the said school district aforesaid, without any consideration therefor." The indictment was demurred to on the grounds that "the facts stated in said indictment' and the charges contained therein and in each and every count thereof are not sufficient to constitute an offense against laws of the state of Nebraska," and that "this defendant as a member of the school board of the city of South Omaha is not a ministerial officer, and therefore can not be placed on trial for malfeasance in office."

The offense charged in the indictment returned by the grand jury is defined by section 180 of the Criminal Code, and the specific reason for the interposition of the demurrer is found in the second paragraph thereof, above quoted. It is insisted that the defendant, as a member of the board of education of the school district of South Omaha, is not a ministerial officer within the meaning of the term as used in section 180 of the Criminal Code, above referred to. That portion of the section material to the present inquiry reads as follows: "Any clerk, sheriff, coroner, constable,

county commissioner, justice of the peace, recorder, county surveyor, prosecuting or district attorney, or any ministerial officer, who shall be guilty of any palpable omission of duty, or who shall willfully. or corruptly be guilty of malfeasance or partiality* in the discharge of his official duties, shall be fined," etc. While several different officers are specifically enumerated in the foregoing section against whom the penalties of the statute are visited for violating its provision, the office held by the defendant as a member of the school board is not included in the enumeration, and, unless his office is of such character as to bring him within the classification included within the phrase, "or any ministerial officer," the demurrer was rightly sustained, and the defendant can not be held to answer for violating the provisions of this section of the Criminal Code. The question, therefore, presented to us for determination, is whether the defendant, as a member of the board of education of the city of South Omaha, in the performance of his duties as such, may properly be said to be a ministerial officer within the meaning of the words as used in the section of the Criminal Code heretofore quoted. In the presentation of the case the state insists that the defendant, as a member of the board of education, is a ministerial officer within the meaning of the criminal statute; while defendant's counsel is content to argue that defendant does not belong to this particular class of officers, without any attempt to point out the class to which he does belong. It may, we think, be fairly said that the legislature intended, after specifically enumerating the several officers mentioned, by the use of the words "or any ministerial officer," to include within the latter classification all officers who are properly designated and included in the word "ministerial" as contradistinguished from other recognized divisions of offices into classes such as judicial, legislative and executive. The import of the words obviously indicates an intention on the part of the legislature, aside from the officers enumer-

* This reads "partially" in the statute, but is a patent error.

ated, to broadly cover, comprehend, and include all officers properly denominated ministerial in the general classification of public offices.   Like all criminal statutes, the language is not to be broadened or extended by construction so as to include within its terms offenses, or a class of persons against whom the statute operates, not fairly warranted by the language used.   In this connection, attention may properly be called to the provisions of section 251 of the Criminal Code, which are quite pertinent to a correct understanding and construction of the section under consideration.   It is there said: "This Code and every other law upon the subject of crime which may be enacted shall be construed according to the plain import of the language in which it is written without regard to the distinction usually made between the construction of penal laws and laws upon other subjects, and no person shall be punished for an offense which is not made penal by the plain import of the words, upon pretense that he has offended against its spirit."   Members of a board of education in cities and towns, like school district officers, are undoubtedly public officers, and must come within some of the recognized definitions of the different classes in which such officers are usually divided.   In a general way it may be said that the affairs of state government and the method of administering its laws are divided into three distinct branches,— executive, judicial and legislative; and officers chosen to conduct the affairs of government in either of the different branches mentioned are easily classified.   The judicial branch pertains to the administration of justice, the adjudication of controversies, and the interpretation of the laws, and, declares the constitution, shall consist of a supreme court, district courts, justices of the peace, police magistrates, and such other courts inferior to the district court as may be created by law for cities and incorporated towns.   The defendant clearly is not a judicial officer, and that classification may be eliminated.   It is equally obvious that he does not come within the classification of legislative officers, who have to do with the enactment of laws,

and we need not further consider that branch with the view of classifying the defendant as being possibly a legislative officer. This brings us to those offices which are created for the purpose of conducting that branch of government which, in the general classification we have made, is classed as executive.

At the threshold of the inquiry, we are met with difficulty because of no very well recognized mark of distinction by which to determine the different classes of officers belonging to the executive branch of the government. Mr. Mechem, in his work on Public Officers, divides public officials into the three general classes mentioned, and adds a fourth classification, known as ministerial officers. At section 655, he says: "This class of officers is known by different names. They are sometimes called executive officers, sometimes administrative, sometimes ministerial, and with slight shades of distinction. But for convenience sake, and as may properly be done, they will all be treated here under the general head of ministerial officers, and there will be included all officers whose duties are wholly or chiefly ministerial." In Throop, Public Officers, section 22, on the same subject, quoting from a case decided by the United States supreme court, he divides the several public officers into three classes, denominated "political," "judicial," and "ministerial." Of political offices it is said they are such as are not immediately connected with the administration of justice, or with the execution of the mandates of a superior, as the president or head of a department. *Twenty-Per-Cent. Cases,* 13 Wall. [U. S.], 568, 575, 20 L. Ed., 705; *Fitzpatrick v. United States,* 7 Ct. of Cl. [U. S.], 290, 293. Ministerial offices, it is said, are those which give the officer no power to judge of the matter to be done, and which require him to obey some superior. An executive officer, in the proper sense of the term, is one whose duties are mainly to cause the laws to be executed; such as the president, the governor of a state, or the chief executive officer of a city. It pertains to the execution and enforcement of the laws by one charged with that particu-

lar duty.   Says the supreme court of California:  An executive officer is "one in whom resides the power to execute the laws."   *People v. Hays* [*Thorne v. San Francisco*], 4 Cal., 146.   On the same subject it is observed by the supreme court of Indiana in a cause brought against the governor and others, constituting a state board with certain powers and duties:  "The duty of the governor, in connection with the other officers named in the act, is not executive.   The executive power of the state is vested solely in the governor.   Any power or authority vested by legislation in the governor, together with other officers or persons, in which they are to have an equal voice with him, can not be executive, as he alone is vested with the executive power of the state."   *Gray v. State,* 72 Ind., 567, 578. "A ministerial act," says the same court, "may, perhaps, be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done."   *Flournoy v. City of Jeffersonville,* 17 Ind., 169, 174.   The defendant can not be said to be an executive officer within the meaning of that term when used to classify the officer or describe the functions chiefly to be performed by an officer designated and styled as executive. It would be just as permissible to describe district school officers as belonging to the executive class.   By subdivision 14 of chapter 79, Compiled Statutes, school districts in cities having a population of over 1,500 are declared to be bodies corporate, and to possess all the usual powers of a corporation for public purposes; and it is provided that the board of education shall have exclusive control of all the property of the school district for all the purposes therein contemplated, and  that  all  schools  organized within such district shall be under the control of the board of education.   Provisions are then made as to the powers belonging to the board, the duties to be by it discharged, and the manner in which the affairs of the school district shall be managed and conducted.   The members of the

school board are unquestionably regarded by statute as the servants or agents of the corporation, selected for the purpose of conducting and managing its affairs in the manner and under the restrictions pointed out by statute. They are an administrative body charged with the duty of administering the law governing the public schools within the city composing the school district of which they are officers. It is their duty to administer the affairs of the corporation as directed by statute in the exercise of such powers and authority as are vested in them. Doubtless in many instances in the performance of their duties they may exercise a discretion or judgment *quasi*-judicial in character, but this fact alone can not determine the class to which they belong, or bring them in the category of judicial officers. There is scarcely a ministerial officer but that in the performance of some act required to be done exercises a discretion *quasi*-judicial in its nature, and regarding which the act itself can not rightfully be classed as ministerial.

There is a marked distinction between a ministerial act or function when considered as an independent transaction, and the general nature of the office and the functions to be performed therein, which, when considered together, make the incumbent a ministerial officer. A sheriff is a ministerial officer, and so recognized by all. Yet in a sense he is the executive officer of the court, whose duty it is to obey and carry into execution its mandates, and all valid processes issued therefrom. He also, in the performance of his duties, in many instances, must and does exercise discretion and judgment of a *quasi*-judicial nature, but this fact alone can not transform him into a judicial officer. If ministerial officers can perform nothing but ministerial acts, then it is hard to conceive of such officer, for some of the acts of every ministerial officer must require the exercise of judgment and discretion, which is the very antithesis of a ministerial act. Whether the person is or is not a ministerial officer depends, not on the character of the particular act which he may be called upon to per-

form, or whether he exercises judgment and discretion with reference to such act, but whether the general nature and scope of the duties devolving upon him is of a ministerial character, as distinguished from other classes of which we have made mention. Webster defines "minister" v. t., "to administer," and "ministerial" "of or pertaining to ministry or service." In Worcester "ministerial" is defined as acting at the commands of another, or acting as the agent for another, or under superior authority. "Administer," in the Century Dictionary, is spoken of by way of illustration, "as, to administer the laws of the government, or a department of government." In Webster "administer" is defined as *ministrare,* to serve, to manage, or conduct, as public affairs; as to administer the government of the state; and in Mechem, Public Officers, section 21, a ministerial officer is defined as one whose duty it is to execute the mandates lawfully issued by his superiors. In *Jackson v. State,* 57 Nebr., 183, 187, this court has used the word "ministerial" as synonymous with the word "administrative," and it seems that the two words are so closely allied in meaning that they may be, and frequently are, used interchangeably. An administrative officer is frequently classed as a ministerial officer, and vice versa. Anderson's Law Dictionary defines "administer" to mean "To dispense, direct the application of; as, to administer the law, justice." Bouvier speaks of "administrative"* as synonymous with "executive," a ministerial duty, —one in which nothing is left to the discretion. Many of the duties devolving upon a member of a board of education are purely ministerial, while others involve acts in which judgment and discretion must be exercised. While this latter gives to the officer some of the characteristics belonging to the judicial, it is altogether clear that such acts do not bring the officer performing them properly within the classification of judicial officers, and do not determine the character of the office held by such person. In *Waldo v. Wallace,* 12 Ind., 569, 570, it is said: "A judge

*See Bouvier, Law Dictionary, article "Executive Power."

will be not the less a judicial officer because some duties he may have to perform are administrative in character; nor will an administrative officer become a judicial officer simply because some of his duties may be, to some extent, judicial in their character." In the state of Alabama a county solicitor—an office similar to the office of county attorney in this state,—was being prosecuted for an offense under a statute punishing a ministerial officer for receiving a bribe. It was there contended by the defense, as in the case at bar, that the defendant was not a ministerial officer. The supreme court says: "If a county solicitor is not a ministerial officer, it would be difficult, if not impossible, to define his character; all the duties with which he is charged pertain to the protection of the state, and the general administration of the criminal laws. He attends on the grand jury, as their legal adviser; draws the indictments they may find; prosecutes all indictable offenses, and prosecutes or defends any civil action to which the state is a party, pending in the circuit court. * * * No one of these duties involves executive or judicial functions. They are purely ministerial."* Certainly, the duties of a county attorney are no more clearly ministerial in character than are those of a member of a school district board, or a member of a board of education in school districts in cities. There is more latitude and discretion in the discharge of official duties given the former than the latter. A member of the board of education. is required to act in obedience to the mandates of the law, which guides and directs his action in certain channels, and regarding which there is left to him no discretion. He must act at the time and in the manner prescribed by statute, which defines and limits his authority. As to all such matters he is left no discretion. He administers the law as he finds it, and discharges the duties of the office in conformity with the law, and not according to his own judgment and discretion. It is true that in many of the acts he is called upon to perform he is given a certain latitude or discretion of a *quasi*-

*Diggs v. State, 49 Ala., 311, 320.

judicial character, but this, as we have seen, does not take him out of the class of ministerial officers, and place him in the class denominated judicial.

The reports of the opinions of this court are numberless wherein officers and boards having functions to perform of a nature similar to those incumbent on the defendant as a member of the board of education are classed as ministerial or administrative officers vested with certain powers requiring the exercise of discretion and judgment of a *quasi*-judicial character, and yet it will not be seriously contended, we apprehend, that the idea was ever entertained by the court or any member thereof, that such officers could be properly classed as judicial officers. The court has done nothing more than to describe the nature of the authority and power possessed by such officers, and made no attempt to classify them as belonging to the judicial department of government. "When the law, in words or by implication, commits to any officer the duty of looking into facts, and acting upon them, not in a way which it specifically directs, but after a discretion in its nature judicial, the function is termed *quasi*-judicial." Bishop, Non-Contract Law, sec. 786. The author is speaking, not for the purpose of classifying officers, but in regard to liability for the act performed. He is discussing those acts of public officers which lie between the purely judicial and the purely ministerial. The *quasi*-judicial acts are performed, not by judicial officers,—for their acts in the discharge of official duties are purely judicial, with possible exceptions when they become ministerial,—but by ministerial and other officers not judicial, such acts being in a degree and to a certain extent of a judicial nature. The ministerial officer may, therefore, very properly be invested with power and authority of a *quasi*-judicial character without at all affecting the general classification into which all civil officers are divided.

From a careful consideration of the subject in its different aspects, we are constrained to the view, as appears from what has been said, that the defendant belongs to the

class of officers denominated "ministerial," and for that reason is included within the fair import of the language of the section of the Criminal Code under which the indictment was found.

It is urged by the defendant that the question we are considering has been decided by the supreme court of Washington (*State v. Womack*, 4 Wash., 19, 29 Pac. Rep., 939) adversely to the conclusion we have just reached. We have given that case careful consideration, and do not regard it as conflicting with the views herein expressed. In that case the prosecution was for an attempted bribery of a member of a state board of education, composed of the superintendent of public instruction and four other persons, appointed by the governor, whose duty it was, among other things, to adopt a uniform series of text-books for the use of the common schools of the state, and to enter into a contract with the proper parties to supply the same. The criminal statute of that state provided for the punishment of bribery or attempted bribery of any executive judicial or ministerial officer. The case was considered with reference to the question of whether a member of the state board of education of that state was an executive officer, and it is held that he was such officer charged by law with certain executive functions, and that under the constitution of that state establishing an executive department the executive officers of the state were not limited to those therein mentioned. The decision of the case hinged on the proposition of whether the officer on whom bribery was attempted was an executive officer, as distinguished from an administrative or ministerial officer, and it was held that he was. In the case at bar, under all the holdings and definitions which we have examined, it can not be said, we think, that a member of the board of education of a school district in a city is an executive officer charged with executive functions similar to those pertaining to the duties of the office of a state executive board of education, as decided by the supreme court of Washington. After all, there is a very close relation between the

duties and functions to be discharged by executive and ministerial officers. In both classes is involved official action of a ministerial character, rather than that belonging to the legislative or judicial. Officers which may be classed as ministerial, it occurs to us, may be regarded as in the nature of a subdivision of that class of officers which in a general way belongs to the executive branch of government. *French v. State*, 29 L. R. A. [Ind.], 113, 119, 41 N. E. Rep., 2. In the case last cited it is said the constitution of Indiana divides the powers of government into the legislative department, the executive department, including the administrative, and the judicial department. Our constitution recognizes the same general divisions of power, and separates the government into the same departments. In the case just cited it is said by the court, with reference to the character of the office of warden of the penitentiary: "The only official existing, at the adoption of the present constitution, having a voice in the control, and whose position was by political choice, was a warden, who was chosen by the legislature; and, at the same time, the institution was, necessarily, as it is now, one of the administrative agencies of the state, falling under the executive department of the government. Its management was not through purely executive agencies, nor were they legislative, and they were in no sense judicial. They were of the administrative agencies of the state, subject to executive authority only so far as executive duties required the laws to be enforced by the governor. Nothing exists in the present constitution to change this unity of interest in the institution, or to take it from the list of administrative agencies of the state."

Ministerial officers, while not executive or political within the meaning of the words as used by those seeking to classify the different civil officers according to the nature of the functions performed, are obviously more nearly related to the executive than to the legislative or judicial. The section of the Criminal Code first quoted includes and comprehends within its terms, we are satisfied, all that

numerous class of officers which may be described as administrative or ministerial, and who have to do with administering the law in some branch of the state government, and whose duties and authority are defined and regulated by statute; and the functions which are to be by them performed are in the main ministerial, as contradistinguished from executive, legislative or judicial. The exceptions of the county attorney to the ruling complained of are well taken, and should, accordingly, be sustained.

EXCEPTIONS SUSTAINED.