ROBERT D. BENEDICT, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.
89 N. W. 2d 82

Filed March 28, 1958.   No. 34278.

*James M. Lovely* and *Adolph Q. Wolf,* for plaintiff in
error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an error proceeding from the district court for Douglas County. In an amended information therein filed on March 26, 1957, it was charged, insofar as here material, that: "* * * on or about the 18th day of February in the year of our Lord one thousand nine hundred fifty-six ROBERT D. BENEDICT * * * did, with the intent to defraud, utter or publish as true and genuine, a false, forged, and counterfeited check for the payment of money, which bank check was of the following tenor, towit:

WESTERN FLAVOR SEAL COMPANY
No. 15409
OMAHA, NEBR., February 15, 1956   27-6
1040

PAY                 $92 and 71 cts                 $92.71
                    WESTERN FLAVOR SEAL COMPANY
TO THE              Thomas F. Bradley
ORDER               3820 Dodge St.
OF                  Omaha, Nebraska        R. T. Caldwell
                                           G. D. Devereaux

the said defendant, ROBERT D. BENEDICT, well knowing said check to be false, forged, and counterfeited, contrary to the form of the Statutes in such cases made and provided, * * *." A jury found the defendant guilty of the charge made against him and, after his motion for a new trial had been overruled on May 10, 1957, he was sentenced by the court to serve a term of 7 years in the State Penitentiary. Defendant thereafter filed a petition in error in this court on June 7, 1957. We shall herein refer to the petitioner in error as the defendant.

Defendant claims the information does not state a

cause of action in that it does not charge that the instrument was published with the intent to prejudice, damage, or defraud any person or persons, party politic or corporate.

The statute, under and pursuant to which the charge was made, provides, insofar as here material, that: "* * * whoever shall utter or publish as true and genuine or cause to be uttered or published as true and genuine or shall have in his possession with intent to utter and publish as true and genuine, any of the above-named false, forged, counterfeited, falsely printed or photographed matter, above specified and described (which includes a check for the payment of money), knowing the same to be false, altered, forged, counterfeited, falsely printed or photographed, with intent to prejudice, damage or defraud any person or persons, body politic or corporate, * * *." § 28-601, R. R. S. 1943.

The defendant contends that since this statute requires that the instrument be uttered "with intent to prejudice, damage or defraud any person or persons, party politic or corporate" and since the amended information fails to set out these essential elements of the crime charged it therefore fails to charge a crime, is void, and gives the court no jurisdiction in regard thereto. It will be noted that the information does not specifically name any person or persons, body politic or corporate that the defendant was intending to defraud by uttering or publishing the forged check nor does it include the words "prejudice" and "damage" in charging what were his intentions in uttering or publishing the check.

We said in May v. State, 153 Neb. 369, 44 N. W. 2d 636, that: "An information must inform the accused with reasonable certainty of the charge against him that he may prepare his defense and be enabled to plead the judgment thereon as a bar to a later prosecution for the same offense. * * * It must state expressly and directly each fact that is an essential element of the crime intended to be charged so that the accused will not

be required to go beyond the information to learn the nature of the charge against him or the issue he must meet, and it cannot be aided by intendment, by anything stated therein by way of mere recital, or by inference or implication."

It will be noted that the words used in the statute dealing with the intent with which a false, forged, or counterfeited check for the payment of money is uttered or published as true and genuine by anyone knowing the same to be false, forged, or counterfeited, are in the disjunctive so that the use of any one thereof to describe the intent with which the act was done would be sufficient.

Black's Law Dictionary (1891 Ed.) includes, in its definition of these words, the following:

Damage—"Loss, injury, or deterioration, caused by the * * * design * * * of one person to another, in respect of the latter's person or property." P. 315.

Prejudice—"* * * means injury, loss, * * *." P. 928.

Defraud—"* * * to deprive a person of property or any interest, estate, or right by fraud, deceit, or artifice." P. 347.

It thus becomes evident that the use of the word "defraud" would include the meaning of the word "damage" and also "prejudice" as used in the statute. In Whitman v. State, 17 Neb. 224, 22 N. W. 459, we said: "In charging the commission of an offense in an indictment, it is not necessary that the exact words of the statute be used, provided the words employed are the equivalents in meaning of those contained in the statute." And in Peterson v. State, 64 Neb. 875, 90 N. W. 964, we said: "An information which charges in the language of the statute, or in words equivalent thereto, the commission of an offense as therein denounced, is sufficient, and such information is invulnerable to a demurrer."

Section 29-1506, R. R. S. 1943, provides: "It shall be sufficient in any indictment where it shall be necessary to allege an intent to defraud, to allege that the

party accused did the act with intent to defraud without alleging an intent to defraud any particular person or body corporate, and on the trial of any such indictment, it shall not be necessary to prove an intent to defraud any particular person, but it shall be sufficient to prove that the party accused did the act charged with intent to defraud."

In Davis v. State, 58 Neb. 465, 78 N. W. 930, we held that: " 'It shall be sufficient in any indictment, where it shall be necessary to allege an intent to defraud, to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person or body corporate.' * * *."

Section 29-1604, R. R. S. 1943, provides: "The provisions of the criminal code in relation to indictments, and all other provisions of law, applying to prosecutions upon indictments to writs and process therein, and the issuing and service thereof, to motions, pleadings, trials and punishments or the execution of any sentence, and to all other proceedings in cases of indictments, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent, as nearly as may be, apply to informations, and all prosecutions and proceedings thereon."

In view of what we have hereinbefore said and held, we find defendant's contention that the amended information does not charge a crime under section 28-601, R. R. S. 1943, to be without merit.

The defendant also contends the evidence adduced by the State is insufficient to sustain his conviction because it fails to meet the rule laid down in such a case by this court in Berg v. State, 157 Neb. 863, 61 N. W. 2d 837. Therein we held that: "The rule is that to sustain a conviction for forgery it is not sufficient to show that the signature is not that of the party whose name is used, but it must also affirmatively be shown that the signing was made without his authority." See, also, Crawford v. State, 164 Neb. 231, 82 N. W. 2d 1.

Since this contention raises a question of fact we must first determine whether or not we have a proper bill of exceptions for, as stated in Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N. W. 2d 630: "This court takes judicial notice of the fact that a bill of exceptions was not prepared, served, returned, or settled and allowed within the time provided by statute, and therefore cannot be considered on appeal." See, also, Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 33, 74 N. W. 2d 854; Bryant v. Greene, 163 Neb. 497, 80 N. W. 2d 137; Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303; Bednar v. Bednar, 146 Neb. 726, 21 N. W. 2d 438. As stated in Bryant v. Greene, *supra:* "A trial court is without authority to settle and allow a bill of exceptions not prepared in the manner and within the times fixed by the statute."

Section 24-342, R. R. S. 1943, insofar as here material, provides: "It shall be the duty of the reporter to deliver to the party requesting it or his attorney of record such transcribed copy of the proceedings therein, including all remarks of the court made in the presence of the jury * * * in criminal cases within forty days from the time petition in error is filed in the Supreme Court, unless such time is extended by order of court."

Section 29-2020, R. R. S. 1943, which relates to procedure in criminal cases, provides that: "* * * the taking, preparing, signing, and sealing of such bill shall be governed by the rules established in such matters in civil cases."

Sections 25-1140 to 25-1140.07, R. R. S. 1943, establish the rules governing bills of exception in civil cases. In Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra,* we fully discussed, analyzed, and laid down the application of these rules.

The defendant's petition in error was filed in this court on June 7, 1957. Thereafter, on July 9, 1957, defendant obtained the following order from the judge who tried the case: "IT IS HEREBY ORDERED that

the defendant be and hereby is allowed forty days from the 9th of July, 1957 to *prepare and serve* a Bill of Exceptions in the above entitled cause." (Emphasis ours.) The official court reporter's certificate shows the preparation of the bill of exceptions was completed on Saturday, August 17, 1957, it was received from the reporter by defendant's attorney on Monday, August 19, 1957, and it was served on the attorneys for the State on Monday, August 19, 1957. It was returned by the State's counsel on Monday, August 19, 1957, and settled by the trial judge on Wednesday, August 21, 1957.

The following principles from Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra,* have application here:

"* * * the provisions of sections 25-1140 to 25-1140.07, R. R. S. 1943, are mandatory and must be followed in the procurement of a valid bill of exceptions. * * * Exceptions are reduced to writing within the meaning of this section of the statute on the day the court reporter certifies the draft as the bill of exceptions in the case."

"* * * extensions of time to procure an allowance of a bill of exceptions are authorized by section 25-1140.07, R. R. S. 1943. Under this section of the statute the trial judge who tried the cause, upon a showing of due diligence and not otherwise, may extend the time, not more than 40 days, making such specific directions in that regard as shall appear to be just to all parties."

"It will be noted by an examination of section 25-1140.07, R. R. S. 1943, that the trial court may extend the time, upon a showing of due diligence and not otherwise, not only as to the time for preparing the bill of exceptions, but also the time for serving, returning, and settling and allowing the bill of exceptions as long as the extensions granted for any purpose do not exceed 40 days."

"A period of 10 days is allowed to serve the bill on the adverse party, as provided by section 25-1140.03,

R. R. S. 1943. * * * These limitations as to time are mandatory and they may not be waived."

"The extension is limited by the statute to the terms appearing in such order, and where the extension granted is less than 40 days, or the extension is circumscribed by other conditions or limitations, the limitations of time contained therein and the conditions of the order must be complied with."

"Any attempt to allow a bill of exceptions not, prepared in compliance with statutory authority is of no force and effect, and the lack of authority cannot be waived. The bill of exceptions must be prepared, served, returned, settled, and allowed in accordance with the statute. Its terms are mandatory. Consequently, a bill of exceptions which is not prepared in accordance with the statute will be quashed on motion of the adverse party."

We made it abundantly clear in Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra,* that each step in the preparation, serving, return, and settlement of a bill of exceptions must be done within the time provided therefor by statute or order of the judge who tried the cause and that a failure to do so left the trial judge without authority to settle and allow it.

In view of when the petition in error was filed here the official court reporter had until July 17, 1957, in which to prepare the bill of exceptions. This she did not do. However, in the meantime defendant obtained the order hereinbefore set forth and by which he and this court are now bound. Considering the fact that the statute provides 10 days for serving the bill of exceptions, which cannot be waived by either party, this order, since it included time for serving, left only 30 days from July 9, 1957, or to August 8, 1957, for the official court reporter to prepare and certify the bill of exceptions. This the record shows she failed to do. In view thereof the trial judge was without authority to allow and settle the bill of exceptions.

We held in Bryant v. State, 153 Neb. 490, 45 N. W. 2d 169: "In the absence of a bill of exceptions there is no question of fact determined by the district court for review in this court, and no question will be considered here, a determination of which necessitates an examination of evidence produced in the trial court."

Having come to the conclusion that defendant's contentions are either without merit or not here for our consideration, we affirm the judgment of the trial court.

AFFIRMED.

YEAGER, J., participating on briefs.