STATE OF NEBRASKA, APPELLANT, v. CARVILLE R. (BARNEY) BUTTNER, APPELLEE.

143 N. W. 2d 907

Filed July 8, 1966. No. 36209.

Donald L. Knowles, Arthur D. O'Leary, Thomas F. Ryder, and James M. Murphy, for appellant.

Alfred A. Fiedler, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

BROWER, J.

On December 16, 1964, a grand jury which had been convened in Douglas County, Nebraska, returned an indictment endorsed as "a true bill" containing four counts

against the defendant Carville R. (Barney) Buttner.

.The defendant filed a demurrer to the several counts pursuant to section 29-1810, R. R. S. 1943. The trial court sustained the demurrer as to all counts of the indictment and dismissed them.

Thereafter the county attorney timely presented his exceptions by application first to the trial court and thereafter to this court. We thereupon granted leave to docket this proceeding to obtain a review of the case as provided by sections 29-2315.01 to 29-2316, R. R. S. 1943.

We here set out the several counts of the indictment, the first being copied in full, followed by the substance of the respective charges in the last three, omitting the allegations concerning the grand jury and the residence and presence of the defendant in Douglas County at the time of the alleged offenses. Count I: "The Grand Jurors, duly impaneled, sworn, and charged to inquire of offenses committed within the said County of Douglas, in the name and by the authority of the State of Nebraska, on their oaths do present and find that CARVILLE R. (BARNEY) BUTTNER late of the County of Douglas aforesaid, from the 3rd day of June in the year of our Lord one thousand nine hundred and sixty-four to the 25th day of September, 1964, in the County of Douglas aforesaid, then and there being in said County and State, did conspire with STEVE NOVAK, ERNEST A. ADAMS, and RONALD J. ABBOUD to commit a felony, to-wit: accepting a bribe by a city councilman, contrary to Section 28-706 of the Revised Statutes of Nebraska for 1943; that pursuant to said conspiracy and for the purpose of effecting the object of said conspiracy, the said CARVILLE R. (BARNEY) BUTTNER, in the City of Omaha, in said county and state, did meet with John B. Coleman, on August 13, 1964, and did on that date solicit bribes from the said John B. Coleman;

"COUNT II * * * that CARVILLE R. (BARNEY) BUTTNER, * * * on or about July 23, 24, 25, 26, 1964,

* * * being then and there a ministerial officer, to-wit: a member of the Planning Board of the City of Omaha, Nebraska, did receive a valuable consideration from John B. Coleman, to-wit: payment of expenses for a trip to Houston, Texas, and return to Omaha via Kansas City, Missouri, with the intent of him, the said CARVILLE R. (BARNEY) BUTTNER, to execute a power in him vested with partiality or favor in voting on legislative rezoning on an application of the said John B. Coleman.;

"COUNT III * * * that CARVILLE R. (BARNEY) BUTTNER, * * * from on or about the 15th day of July, 1964, to the 28th day of September, 1964, * * * then and there being a member of the Planning Board of the City of Omaha, Nebraska, did unlawfully solicit, propose, or agree to receive a bribe, to-wit: expenses for a trip to Houston, Texas, and return to Omaha, Nebraska via Kansas City, Missouri.

"COUNT IV * * * that CARVILLE R. (BARNEY) BUTTNER, * * * from on or about August 3, 1964 to August 13, 1964, * * * then and there aiding and abetting city councilmen of the City of Omaha, Nebraska, did unlawfully solicit, propose, or agree to receive a bribe, to-wit: the sum of $15,000.00 from John B. Coleman, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Nebraska."

The grounds of the demurrer to counts I, II, and III of the indictment were: "1. That they fail to state facts sufficient to constitute an offense contrary to the Statutes of the State.

"2. That they fail to state facts sufficient to appraise the Defendant of the crime of which he is being accused.

"3. That the Defendant is not one of the persons defined by Section 28-706, R. R. S. Nebraska as set forth in Count I, II, and III of the indictment." The demurrer with respect to Count IV includes the same grounds as stated in 1 and 2 of the demurrer to the previous counts and adds number 3 as follows: "3. That this

Count fails to name the specific 'City Councilmen' to whom this Defendant allegedly aided and abetted."

With respect to counts I and II, the trial court held they did not allege facts showing a violation of section 28-706, R. R. S. 1943; with respect to count III it did not allege the identity of the person solicited, proposed to, or agreed with; and with respect to count IV it did not allege the identity of the councilmen aided or abetted.

The provisions of section 28-706, R. R. S. 1943, are here set out: "Whoever, directly or indirectly, gives any sum or sums of money or any other bribe, present or reward or any promise, contract, obligation or security for the payment of any money, present or reward or any other thing, *to any judge, justice of the peace, sheriff, coroner, clerk, constable, jailer, county attorney, member of the legislative assembly or other officer, ministerial or judicial,* except such fees as are allowed by law, *with intent to induce or influence such officer to appoint or vote for any person for office, or to execute any of the powers in him vested, or perform any duty of him required, with partiality or favor, or otherwise than is required by law, or in consideration* that such officer has appointed or voted for any person for any office, or exercised any power in him vested, *or performed any duty of him required, with partiality or favor, or otherwise, contrary to law, the person so giving,* and the officer so receiving, any money, bribe, present, reward, promise, contract, obligation or security, *with intent or for the purpose or consideration aforesaid,* shall be deemed guilty of bribery, and shall be punished by confinement in the Nebraska Penal and Correctional Complex not less than one year nor more than five years." (Italics supplied.)

In its journal sustaining the demurrer to counts I and II, the trial court makes clear that its reason for holding the counts did not allege facts showing a violation of this section was that the defendant was not one

of those officers mentioned in the section and prohibited by it from receiving the bribes, presents, or rewards therein mentioned and particularly that he was not a ministerial officer. The State assigns error to this ruling and contends a member of the planning board of the city of Omaha is a "ministerial" officer as set out in that section.

Inasmuch as this aspect of the case vitally affects the first two counts and the briefs of the parties consider this question at great length, we will discuss this matter first.

We are cited to the case of State v. Loechner, 65 Neb. 814, 91 N. W. 874, 59 L. R. A. 915, a case involving an indictment against a member of a board of education for malfeasance in office where this court had under consideration a statute providing: " 'Any clerk, sheriff, coroner, constable, county commissioner, justice of the peace, recorder, county surveyor, prosecuting or district attorney, or any ministerial officer, who shall be guilty of any palpable omission of duty, or who shall willfully or corruptly be guilty of malfeasance or partiality in the discharge of his official duties, shall be fined,' etc." In the cited case this court held that a member of the board of education was a ministerial officer within the meaning of that statute. The question was discussed at considerable length in the opinion. Many authorities and cases there cited and evaluated are similar to those presented here. We deem it unnecessary to discuss them again but will quote certain conclusions of the court in that opinion. "Members of a board of education in cities and towns, like school district officers, are undoubtedly public officers, and must come within some of the recognized definitions of the different classes in which such officers are usually divided. In a general way it may be said that the affairs of state government and the method of administering its laws are divided into three distinct branches,—executive, judicial and legislative; and officers chosen to conduct the affairs of

government in either of the different branches mentioned are easily classified." In the opinion in the cited case the court, after consideration, decided that a member of the school board was neither a judicial nor a legislative officer, and resumed its discussion: "This brings us to those offices which are created for the purpose of conducting that branch of government which, in the general classification we have made, is classed as executive. * * *

"There is a marked distinction between a ministerial act or function when considered as an independent transaction, and the general nature of the office and the functions to be performed therein, which, when considered together, make the incumbent a ministerial officer. A sheriff is a ministerial officer, and so recognized by all. Yet in a sense he is the executive officer of the court, whose duty it is to obey and carry into execution its mandates, and all valid processes issued therefrom. He also, in the performance of his duties, in many instances, must and does exercise discretion and judgment of a quasi-judicial nature, but this fact alone can not transform him into a judicial officer. If ministerial officers can perform nothing but ministerial acts, then it is hard to conceive of such officer, for some of the acts of every ministerial officer must require the exercise of judgment and discretion, which is the very antithesis of a ministerial act. Whether the person is or is not a ministerial officer depends, not on the character of the particular act which he may be called upon to perform, or whether he exercises judgment and discretion with reference to such act, but whether the general nature and scope of the duties devolving upon him is of a ministerial character, as distinguished from other classes of which we have made mention. * * * A member of the board of education is required to act in obedience to the mandates of the law, which guides and directs his action in certain channels, and regarding which there is left to him no discretion. He must act

at the time and in the manner prescribed by statute, which defines and limits his authority. As to all such matters he is left no discretion. He administers the law as he finds it, and discharges the duties of the office in conformity with the law, and not according to his own judgment and discretion. It is true that in many of the acts he is called upon to perform he is given a certain latitude or discretion of a quasi-judicial character, but this, as we have seen, does not take him out of the class of ministerial officers, and place him in the class denominated judicial. * * *

"From a careful consideration of the subject in its different aspects, we are constrained to the view, as appears from what has been said, that the defendant belongs to the class of officers denominated 'ministerial,' and for that reason is included within the fair import of the language of the section of the Criminal Code under which the indictment was found."

In Sheely v. The People, 54 Colo. 136, 129 P. 201, the court had under consideration a statute forbidding bribery, much like that before us, where the officers described in the statute were set out as " 'any judge, justice of the peace, sheriff, coroner, clerk, constable, jailer, attorney general or prosecuting attorney, mayor, alderman or member of city council, member of the legislative assembly, or other officer, ministerial or judicial'." The officer prosecuted was a county commissioner. The court in that case also cited and discussed many authorities, among them State v. Loechner, *supra*, from which excerpts were quoted. The Colorado court, speaking of county commissioners, stated: "The general scope of their duties being the administration of the affairs of the county, they must be administrative officers, and though vested with a large amount of discretion, which this court has many times said cannot be controlled by the courts, yet it is administrative discretion rather than judicial. Nor are they legislative officers. They do not make law, but are themselves wholly

subject to the constitution and the statutes, and are concerned only in the administration of the business of the county as therein directed. If they are neither judicial nor legislative officers they must fall within the executive department, the administrative branch, and are to be classed as executive or administrative officers, as these terms are used interchangeably.—State v. Loechner, 65 Neb. 814.

"So we come to the real question in the case. Did the legislature intend to cover county commissioners by including them within the designation of other ministerial officers? A primary rule of construction is that the intention of the legislature is to be found in the ordinary meaning of the words of a statute in the connection in which they are used and in the light of the mischief to be remedied. While there is a rule requiring the strict construction of a penal statute that rule is not violated by giving to the words their full meaning in connection in which they are employed.—Woodworth v. State, 26 O. St. 196."

Chapter 14, article 4, R. R. S. 1943, setting forth the powers and duties of a metropolitan city with respect to planning and zoning, and particularly section 14-404, R. R. S. 1943, provides that: "The city shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed. The city shall not determine the boundaries of any district or impose any regulations or restrictions until after the appropriate planning board of the city has made recommendations thereon, * * *." Chapter 14, article 4, R. R. S. 1943, makes it obvious that much detailed ministerial work is involved in following the statutory directions for planning and zoning. All this would fall on the planning board. It is suggested the city planning board can make no final decision, but only recommend what it considers should be done. Although the board's

function is restricted to making a recommendation, its action in that respect is initially required. The fact that its decision is not final only emphasizes its ministerial character. We conclude that a member of ·a planning board of the metropolitan city of Omaha is a ministerial officer within the meaning of section 28-706, R. R. S. 1943, and a conviction of a member thereof may be had for the violation of that statute.

We turn now to the consideration of other facets of the case. Before doing so we think it necessary to state certain rules involving criminal procedure set forth in the decisions of this court. In State v. Coomes, 170 Neb. 298, 102 N. W. 2d 454, this court stated in its syllabi: "In all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation.

"Due process of law requires only that the accused be given sufficient notice of the nature of the charge against him in order that he may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense.

"In this state all public offenses are statutory; no act is criminal unless the Legislature has in express terms declared it to be so; and no person can be punished for any act or omission which is not made penal by the plain import of the written law.

"An information must inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to a later prosecution for the same offense." In the body of the opinion it is stated: " 'The information (or indictment) must expressly and directly state each fact that is an essential element of the crime intended to be charged so that the accused will not be required to go beyond the information to learn the nature of the charge against him or the issue he must meet. * * *.' Benedict v. State, 166 Neb. 295, 89 N. W. 2d 82. See,

also, Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868."

With these rules in mind we will consider each count in the indictment. Count I charges the defendant with conspiring with named persons to commit a felony, to wit, "accepting a bribe by a city councilman, contrary to Section 28-706," R. R. S. 1943. The conspiracy statute, section 28-301, R. R. S. 1943, make it a felony for "two or more persons (to) conspire to commit any felony." We think it obvious that the felony which is the object of the conspiracy must be set out with sufficient certainty to show it was a crime under the applicable statute. An attempt is made to set out the purpose of the conspiracy as a violation of section 28-706, R. R. S. 1943. Obviously it is necessary to state a crime under section 28-706, R. R. S. 1943, that it be alleged that the bribe was given or received with the intent or for the purpose or consideration of inducing or influencing the officer in some of the respects therein stated. It therefore was necessary in count I to allege as one of the objects of the conspiracy that the councilman referred to was to accept the bribe for some purpose or consideration or with the intent proscribed by the section. This was not done. Moreover, it is alleged that the purpose of the conspiracy was to bribe "a" councilman without naming any particular one. It is apparent that the accused would be required to go beyond the information to know the councilman involved and that a judgment rendered thereon would not bar a further prosecution as to the conspiracy with respect to another councilman. Count I did not state facts sufficient to show that the object of the conspiracy was to commit a felony, nor was it sufficient to inform the accused of the crime with which he was charged. The trial court committed no error in sustaining the demurrer thereto and dismissing this count of the indictment.

An examination of count II discloses allegations plainly and directly stating that the accused was a member of

the planning board, a ministerial officer. As such he received a valuable consideration to execute a power in him vested with partiality or favor. The valuable consideration received is fully set out and the person from whom it was received is named. The object of partiality or favor is stated to relate to voting on legislative rezoning. The board's recommendation was required before further legislative action could be had. The particular rezoning with respect to which the voting was to take place is set out. Having determined the accused was a ministerial officer within the meaning of that term in section 28-706, R. R. S. 1943, we conclude that count II alleges the crime of receiving a bribe thereunder. The trial court erred in sustaining the demurrer and dismissing count II.

Count III is brought under section 28-708, R. R. S. 1943, which reads as follows: "Whoever offers or attempts to bribe a public officer and every public officer who solicits a bribe or proposes or agrees to receive a bribe in any case shall be fined in a sum not exceeding five hundred dollars nor less than three hundred dollars, and shall be imprisoned in the Nebraska Penal and Correctional Complex for the period of one year." It alleges the accused unlawfully solicited, proposed, or agreed to receive a bribe. It fails completely to allege the identity of the person so solicited, proposed, or agreed with. In the discussion in State v. Coomes, *supra,* it is said: "As stated in 42 C. J. S., Indictments and Informations, § 139(d), p. 1040: 'Accused must be apprised of the crime charged with reasonable certainty, and if the language of the statute is insufficient for this purpose further averments of the facts and circumstances must be made.' And, as stated in § 139(e) thereof, p. 1042: 'Such averments as to time, place, person, and other circumstances as are necessary to identify the particular transaction are, of course, necessary.'" Manifestly the accused was not apprised of the crime charged. Neither are facts stated which would bar a later prose-

cution. The trial court committed no error in sustaining the demurrer and dismissing count III.

Count IV charges the accused with aiding and abetting city councilmen of the city of Omaha and that he "did unlawfully solicit, propose, or agree to receive a bribe." There may be some ambiguity in the language of the count as to who was to receive the bribe money from John B. Coleman. It is clear, however, that the count does not state a crime if the accused was to receive it for himself since he is not alleged to be an officer in count III. This is required to constitute a crime for receiving a bribe under section 28-706, R. R. S. 1943, or soliciting, proposing, or agreeing to receive one under section 28-708, R. R. S. 1943. Any crime charged, therefore, is restricted wholly to that of aiding or abetting councilmen who were the ones to be bribed if a crime is stated. But the count does not allege who the councilmen were that the accused was aiding or abetting. It seems clear that one charged with aiding or abetting another in accomplishing a felony should be informed directly and positively who that person was. Again there are seven councilmen in Omaha. There is no indication of how many the accused was aiding or abetting. Accused was not apprised of the crime charged, nor are facts stated which would bar a later prosecution. The trial court committed no error in sustaining the demurrer to and dismissing count IV.

It therefore follows that the judgment of the trial court should be and is affirmed in sustaining the demurrer and dismissing counts I, III, and IV, and its judgment is reversed in sustaining the demurrer to count II and dismissing the same.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN CONFORMITY WITH THIS OPINION.

BOSLAUGH, J., dissenting.

I respectfully dissent from that part of the majority opinion which holds that in alleging a conspiracy to

commit a felony it is necessary to allege in detail the felony which is the object of the conspiracy. I believe that the better rule is that it is sufficient to designate the crime which is the object of the conspiracy by its common law name. See, Glasser v. United States, 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680; Williamson v. United States, 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278; State v. Madden, 170 Iowa 230, 148 N. W. 995; 16 Am. Jur. 2d, Conspiracy, § 23, p. 139; 15 C. J. S., Conspiracy, § 85, p. 1117; 12 C. J., Conspiracy, § 195, p. 618.

SPENCER, J., joins in this dissent.