REQUESTED BY: Patrick Kelly, Sarpy County Attorney.
1. Is section 23-1736, R.R.S. 1943, prohibiting the deputy sheriffs in counties having in excess of 40,000 population from actively participating in political campaigns constitutional?
2. Is this prohibition enforceable under section28-724, R.R.S. 1943, establishing a penalty for malfeasance of office?
1. Yes.
2. Probably.
Section 23-1736, R.R.S. 1943, provides as follows:
 "No person serving in the classified service under sections 23-1721 to 23-1737 shall actively participate in any campaign conducted by any candidate for public office."
The term `classified service' is defined in section 23-1726, R.R.S. 1943, as including all deputy sheriffs, jailers and matrons but not including civilian employees of the sheriff's office. You have asked whether or not in our opinion such a prohibition against deputy sheriffs covered by these provisions being prohibited against actively participating in political campaigns is constitutional. We believe that it is.
Generally speaking with few exceptions, courts have consistently upheld the authority of a state or the federal government to limit the political activity of public employees. See for example, United Public Workers of America v.Mitchell, 330 U.S. 75; Oklahoma v. United States CivilService Commission, 330 U.S. 127; National Association ofLetter Carriers, AFL-CIO, v. United States Civil ServiceCommission, 413 U.S. 534; and, Broadrick v. Oklahoma,413 U.S. 601. More specifically, the City of Cleveland had an ordinance essentially the same as section 23-1736, supra,
and the court in Mcnea v. Garey, 434 F. Supp. 95, after recognizing the City of Cleveland's interest in restricting political conduct of its police officers and recognizing the necessity of maintaining the practice and appearance of impartial law enforcement, found such a restriction to be constitutional. While we are aware of no decisions of the Nebraska Supreme Court or any federal court in the State of Nebraska with reference to this section, we believe that in light of other decisions from other jurisdictions, that our statute would be upheld.
You also ask whether or not a deputy who violated this provision might be prosecuted under section 28-724, supra.
This section provides in pertinent part:
 "Any clerk, sheriff, coroner, constable, county commissioner, recorder, county surveyor, county attorney or any ministerial officer, who shall be guilty of any palpable omission of duty or who shall willfully or corruptly be guilty of malfeasance or partiality in the discharge of his official duties, shall be fined in a sum not exceeding $200, and the court shall have the power to add to the judgment that any officer so convicted shall of section 23-1736 could be removed,"
It is clear that a sheriff is covered by the provisions of this section and the question would be whether or not a deputy sheriff is included within the term `sheriff' or in the alternative, whether or not a deputy sheriff is a `ministerial officer.'
At the outset, we believe that any deputy violating the provisions of section 23-1736 could be removed, suspended or reduced in either rank or grade by the sheriff pursuant to section 23-1734, R.R.S. 1943, and that such a procedure might be more appropriate than a criminal prosecution under the malfeasance section. However your direct question was whether or not a deputy could be so prosecuted and we are of the opinion that he could be. It is clear that a sheriff is a ministerial officer. State v. Loechner, 65 Neb. 874,91 N.W. 874; State v. Buttner, 180 Neb. 529, 143 N.W.2d 907. It would also appear that the ministerial duties of a sheriff may be and are delegated to his deputy or other subordinate. See generally, 80 C.J.S. Sheriffs and Constables,
§ 21, p. 187. We are therefore of the opinion that a duly appointed deputy sheriff is a ministerial officer within the meaning of that term as it is used in section 28-724 and that a prosecution could be had against him for malfeasance should it be alleged that he has violated the provisions of section 23-1736. It may be that it is a jury question whether or not such violation constitutes a `palpable omission of duty' or willful `malfeasance or partiality in the discharge of . . . official duties, . . . .' We do however in conclusion feel that a deputy sheriff is included within those persons covered by the provisions of section 28-724,supra.