RAYMOND SMITH V. STATE OF NEBRASKA.

FILED MARCH 18, 1903. No. 13,060.

1. **Statutory Crime:** CRIMINAL CODE: INFORMATION: ALLEGING OVERT ACT. In charging the statutory crime defined by section 49 of the Criminal Code, it is essential to aver in apt terms an attempt by the accused to commit one of the felonies enumerated by alleging the overt act or acts constituting such attempt, and in the absence of such allegations an information by which it is sought to charge an offense under said section is fatally defective, and will not support a sentence of imprisonment for a violation of the provisions thereof.

2. **Insufficent Allegation.** An allegation of an unlawful entering of a building with intent to commit one of the crimes enumerated in the section is not sufficient to charge a crime as therein defined.

3. **Plea of Guilty:** ARREST OF JUDGMENT. A plea of guilty of the acts alleged in an information charging no offense is not a plea of guilt of the crime attempted to be charged, and the sufficiency of the information and the authority and jurisdiction of the court to pronounce sentence of imprisonment may properly be challenged by a motion in arrest of judgment.

ERROR to the district court for Sheridan county: JAMES J. HARRINGTON, DISTRICT JUDGE. Indictment for burglary. Plea of guilty. Sentence to one year at hard labor in the penitentiary. *Reversed.*

*Allen G. Fisher,* for plaintiff in error.

HOLCOMB, J.

This is a criminal cause brought here for review by the defendant, who stands convicted of an alleged felony and has been sentenced to imprisonment in the penitentiary for a period of one year. The record is a peculiar one and leaves us in some doubt with reference to the lines on which the prosecution was conducted in the trial court. The particular crime to punish which the prosecution was instituted is not made certain and entirely clear from anything appearing in the record presented for review. The

legal department of the state has not favored us with a brief or oral argument in support of the judgment entered by the trial court, from which we infer that it is not prepared to defend the regularity and validity of the proceedings resulting in the imposition of the sentence of imprisonment which the defendant seeks to have reversed.

The information under which the defendant was prosecuted contains two counts, the second of which unmistakably charges burglary, but this count, during the trial of the cause, was dismissed by the county attorney. Thereupon the defendant pleaded guilty to the charge contained in the first count, and moved in arrest of judgment that the count stated no crime under any of the criminal laws of the state. The motion was overruled and sentence pronounced and the defendant brings error, relying for a reversal principally on the ruling just mentioned.

The count of the information on which the sentence of imprisonment was imposed, omitting formal parts, charges that the defendant, on the 17th day of August, 1902, into a certain dwelling-house, describing it, feloniously, burglariously, willfully, maliciously and forcibly did break and enter, with the intent then and there, one Hannah Swanson then and there being in such dwelling-house, unlawfully, purposely and feloniously, her the said Hannah Swanson to rape, ravish and carnally know against her will. As we interpret the record, the county attorney attempted to charge a crime under the provisions of section 49 of the Criminal Code, and this is the construction given the information by the trial court. This section provides that if any person shall willfully and maliciously, either in the day time or night season, enter any dwelling-house, and shall attempt to commit any of the several felonies therein enumerated, including the crime of rape, every person so offending shall be imprisoned in the penitentiary not more than ten years nor less than one year. It is evident that the information, after the dismissal of the second count, did not charge the crime of burglary, for it is essential, in order to charge that crime, that it be

alleged the felonious breaking and entering into the building was in the night season. *In re William McVey,* 50 Neb. 481. The information on which the conviction was had in the case at bar is wholly silent as to an allegation of time when the unlawful breaking and entering was committed.

By an inspection of section 49, it is obvious that one of the essential ingredients of the statutory crime as therein defined is an attempt by the accused to commit one of the felonies enumerated, and that unless in apt words an allegation is inserted in the information averring an attempt to commit one of the crimes mentioned, such information would be fatally defective, and would not support a sentence of imprisonment for the commission of the crime as therein defined. The information contains no allegation showing any overt act by the defendant tending toward the commission of the crime of rape on the person named. It nowhere alleges any act or acts of the accused showing an attempt to commit the crime of rape, nor does it aver anything more than the unlawful entering into the building was with an intent to commit the act. The section declares there must be a willful and malicious entering into the building and an attempt made to commit one of the offenses enumerated therein. These are both essential and necessary ingredients to constitute the crime. The allegation of an intent to commit the crime, unaccompanied by any averments of overt acts tending towards its accomplishment, is insufficient to meet the requirements of the statute defining the offense and the information is for that reason fatally defective and charges no crime under said section. *State v. Colvin,* 90 N. Car. 717; *State v. Harney,* 101 Mo. 470; *State v. Frazier,* 53 Kan. 87; *In re Lloyd,* 51 Kan. 501; *Proctor v. Commonwealth,* 20 S. W. (Ky.) 213. The plea of guilty of the acts charged in the first count of the information is not a plea of guilty of the statutory crime defined by section 49 of the Criminal Code, and by a motion in arrest of judgment the defendant properly challenged the authority and jurisdiction of the court

to pronounce sentence of imprisonment in the penitentiary against him as if he were guilty of the commission of such crime.

The judgment of conviction is accordingly reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.