BARNEY FREDERICKSEN, APPELLANT, v. FRED DICKSON,
ACTING WARDEN OF THE NEBRASKA STATE PENITENTIARY
AT LANCASTER, LANCASTER COUNTY, NEBRASKA, APPELLEE.

29 N. W. 2d 334

Filed October 17, 1947.    No. 32254.

*Barney Fredericksen,* pro se, for appellant.

*Walter R. Johnson,* Attorney General, *Robert A. Nelson,* and *C. S. Beck,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and THOMSEN, District Judge.

SIMMONS, C. J.

Petitioner here sought release from the penitentiary on a writ of habeas corpus. Hearing was had. The petition was denied and dismissed, and petitioner remanded to the custody of the respondent. Petitioner appeals. We affirm the judgment of the trial court.

Petitioner alleged that he was charged by information with the offense of breaking and entering with intent to commit a felony; that he pleaded guilty to that charge; that he was found guilty and sentenced for the separate and distinct offense of burglary; that the information to which he pleaded guilty did not charge an offense in that it alleged no overt act; that he was denied the right to be informed of the nature and cause of the accusation on which his conviction, judgment, and sentence of seven years rests; that he pleaded guilty, on the advice of counsel that the penalty for the offense charged was not to exceed 30 days in jail or a fine of

$300, or both; that the trial court entrapped him into entering a plea of guilty to one offense and convicted him of a more serious offense and did not give him a fair trial; and that his trial was a sham and a pretense. He set out the record of his trial in full.

The respondent answered setting out the proceedings of the trial court which resulted in the commitment of petitioner, denied generally allegations not admitted, and expressly denied the charge made against counsel and the charge of entrapment by the court.

Petitioner was brought into court in response to the writ. Respondent asked that the matter be set for hearing at a day certain in order that necessary witnesses could be present. Petitioner agreed. Petitioner was advised as to the witnesses respondent expected to have present and asked if there were any others petitioner desired to have. Petitioner named two men. The record shows that they were present and testified.

At the trial petitioner as his own witness stated that he was charged with and pleaded guilty to breaking and entering with intent, which he contended was not a felony but a misdemeanor, as it did not aver an overt act, and that he was sentenced for burglary. He rested his case upon his petition and the record of his case.

We will deal here first with the charges which petitioner made against his counsel, the trial court, and its officers. By his own admission they are false. He testified that he had counsel at his preliminary hearing and before his plea of guilty; that he understood the nature of the offense charged; that he was guilty of breaking and entering with intent to steal; and that he pleaded guilty knowing he could be sentenced to serve a period with a maximum of ten years. It further was conclusively shown that no promises, threats, or inducements were made to him to secure a plea of guilty. Before accepting his plea the trial court examined him at length as to his understanding of the charges, gave him an opportunity to ask questions, inquired if his

counsel had advised him of his rights and received an affirmative reply, explained to him that he had a right to plead not guilty and stand trial, asked him if he was ready for arraignment and received an affirmative reply, and asked him if he understood the information, which was read to him in open court, and received an affirmative reply. After all this, and more, he was asked to plead to the information and pleaded guilty. Two days elapsed before he was sentenced. It appears that he received a longer sentence than he anticipated. He became incensed about it. It appears further that after he reached the penitentiary he consulted one Hawk, an inmate, and that Hawk planted the seeds in his mind that have germinated and produced the charges here made.

Petitioner here presents his contentions: (1) That the information fails to state an offense; and (2) that he was informed against for breaking and entering with intent to steal and convicted of burglary, and that his conviction, sentence, and commitment are void.

The information clearly charges an offense under the provisions of section 28-532, R. S. 1943. In its charging parts it is substantially in the language of the statute.

It long has been the rule that:

"In this state all public offenses are statutory."

"To charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent."

"Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to describe such crime in the language of the statute."

"An indictment or information meets all constitutional requirements (1) if it shows that the acts which defendant is charged with committing amounted to a crime which the court had power to punish, and that it was committed within the territorial jurisdiction of

the court, (2) if it informs the defendant of the nature of the charge against him, and (3) if it constitutes a record from which it can be determined whether a subsequent proceeding is barred by the former adjudication." Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533.

The information here meets these tests.

Petitioner in his trial below and here relies upon Smith v. State, 68 Neb. 204, 94 N. W. 106, and contends that he must be charged with an overt act. The information charged that he did unlawfully, willfully, maliciously, feloniously, and forcibly break and enter with intent to steal property of value. In the Smith case there was a failure to charge one of the essential elements that the statute there involved prescribed. No such omission is pointed out in the information here. It may be pointed out that the statute construed in the Smith case is now with amendments section 28-533, R. S. 1943. Clearly the information here was not intended to charge a violation of that section. See Mc-Elhaney v. Fenton, 115 Neb. 299, 212 N. W. 612, wherein we held: "The former section (now section 28-532, R. S. 1943) applies solely to the unlawful entering of a building with intent to commit some distinct act therein specifically designated; the latter section (now section 28-533, R. S. 1943) to the unlawful entering of the building and the committing or attempting to commit one of the acts in the section enumerated, after so being therein."

We next come to petitioner's contention that he was informed against and pleaded guilty to one charge and was convicted and sentenced for another.

As we have pointed out the information charges a violation of section 28-532, R. S. 1943. Defendant admits that this information was read to him in open court and that he pleaded guilty thereto. The trial court's journal entry shows that "upon due arraignment and reading of the information, the defendant entered his plea of guilty to the offense therein charged, to-wit: burglary." The

journal entry at the time of sentence shows the sentence to have been imposed upon the "defendant's plea of 'guilty' to the information." Petitioner vouches for the correctness of this record and relies upon it.

We have searched for the basis of petitioner's charge. We find no basis for it, unless it should be the use of the words "to-wit: burglary" by the trial court in the journal entry. The words are surplusage; they refer to the catch words " 'Burglary,' defined; penalty" used preceding section 28-532, R. S. 1943, and point to that provision of the act as the one upon which the information is based. As we said in Hardin v. State, 92 Neb. 298, 138 N. W. 146, in response to a similar claim: "The attempted distinction between the terms 'burglary' and 'breaking and entering' is, in our judgment, entirely too technical. As applied to our present criminal code, it is an attempted distinction without a difference."

Petitioner's contentions are entirely without merit.

The judgment of the district court is affirmed.

AFFIRMED.