STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. KELLEY COOMES, DEFENDANT IN ERROR.

102 N. W. 2d 454

Filed April 15, 1960. No. 34750.

*Lawrence E. Mitchell,* for plaintiff in error.

*Charles A. Fisher,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an error proceeding docketed in this court by the county attorney of Sheridan County, pursuant to leave granted, taking exception to the ruling of the district court for Sheridan County in the prosecution of a cause therein under section 28-818, R. R. S. 1943. See § 29-2315.01, R. S. Supp., 1959.

On September 14, 1959, the county attorney of Sheridan County filed in the district court for Sheridan County an information against Kelley Coomes. The part of said information that is here material is as follows: "* * * that Kelley Coomes * * * did, on the 26th day of August A. D. 1959, in the County of Sheridan and State of Nebraska aforesaid, wilfully and unlawfully disturb the peace and quiet of persons, families and the neighborhood, Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Nebraska."

Section 28-818, R. R. S. 1943, under and pursuant to which said charge was filed, provides: "Every person who shall willfully disturb the peace and quiet of any person, family or neighborhood, shall upon conviction thereof be fined in any sum not exceeding one hundred dollars or be imprisoned in the county jail not exceeding three months."

Defendant Coomes filed a demurrer to the information which, insofar as here material, alleged: "* * * demurs to the information because it does not state

facts that constitute an offense punishable by the laws of this state, because the statute Section 28-818, R. R. S. under which the suppoed (sic) offense is charged is unconstitutional and void, because it is so vague and indefinite, so uncertain and ambiguous, that it does not meet the definition of disturbing the peace at common law, and that it does not any where charge a breach of the peace or provide that a breach of the peace is an essential element of the charge, and because the same shows on the face that intent to create a breach of the peace is not alleged, proof of the same being necessayr (sic) to make out offense of disturbing the peace and disorderly conduct or breach of the peace."

The trial court sustained this demurrer, giving the following reason for doing so: "The defendant then instanter filed his demurrer to the information, and the Court having heard argument thereon and being fully advised in the premises finds that the same is well taken and should be sustained because the said information fails to specify the acts constituting the offense charged therein, but finds that the statute under which prosection (sic) is brought is not unconstitutional and void as urged by the defendant. The Court finds that the information charges almost exactly in the words of the statute same being 28-818, R. S, 1943, but that regardles (sic) thereof it, the information, is not sufficient and that the demurrer is sustained and the cause dismissed.

"It is therefore Ordered and Adjudged that the demurrer of the defendant Kelly Coomes to the information filed herein charging him under Section 28-818 R. R. S. 1943 in almost exact statutory words, is sustained and the cause dismissed and the defendant Kelley Coomes is hereby discharged * * *."

The title to L. B. 461, which authorizes this procedure and under and pursuant to which it was taken, states it is: "An Act * * * to provide in criminal cases on application of the county attorney for review by the

Supreme Court on error proceedings of any ruling or decision of the district court adverse to the State of Nebraska; * * *." Laws 1959, c. 121, p. 453. Consequently the question of the constitutionality of section 28-818, R. R. S. 1943, is not properly before this court but only the question of whether or not the information is insufficient because it "fails to specify the acts constituting the offense charged therein."

Article I, section 11, of the Constitution of the State of Nebraska, provides, insofar as here material, that: "In all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of accusation, * * *."

"Due process of law requires only that the accused be given sufficient notice of the nature of the charge against him in order that he may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense." Cowan v. State, 140 Neb. 837, 2 N. W. 2d 111. See, also, Dutiel v. State, 135 Neb. 811, 284 N. W. 321.

"In this state all public offenses are statutory; no act is criminal unless the legislature has in express terms declared it to be so; and no person can be punished for any act or omission which is not made penal by the plain import of the written law." Dutiel v. State, *supra.*

In Kinnan v. State, 86 Neb. 234, 125 N. W. 594, 27 L.R.A.N.S. 478, we said: "* * * there are no common law crimes in this state, and we only resort to common law definitions where general terms are used to designate crime." See, also, Fredericksen v. Dickson, 148 Neb. 739, 29 N. W. 2d 334.

A breach of the peace is a violation of public order. It is the same as disturbing the peace. The definition of breach of the peace is broad enough to include the offense of disturbing the peace; it signifies the offense of disturbing the public peace or tranquility enjoyed by the citizens of a community. See, State v. Clark,

64 W. Va. 625, 63 S. E. 402; State v. Long, 88 W. Va. 669, 108 S. E. 279; People v. Bartz, 53 Mich. 493, 19 N. W. 161; Fischbach v. Ohio State Racing Commission, 76 Ohio L. A. 540, 147 N. E. 2d 258; People v. Parker, 208 Misc. 978, 138 N. Y. S. 2d 2; Flores v. City and County of Denver, 122 Colo. 71, 220 P. 2d 373; Woods v. State, 152 Tex. Cr. 338, 213 S. W. 2d 685; City of St. Louis v. Slupsky, 254 Mo. 309, 162 S. W. 155, 49 L.R.A.N.S. 919.

Breach of the peace is a common law offense. The term "breach of the peace" is generic and includes all violations of public peace, order, decorum, or acts tending to the disturbance thereof. See, Faulkner v. State, 166 Ga. 645, 144 S. E. 193; Miles v. State, 30 Okl. Cr. 302, 236 P. 57, 44 A. L. R. 129; State v. Long, *supra;* City of Plattsburg v. Smarr (Mo. App.), 216 S. W. 538; State v. White, 18 R. I. 473, 28 A. 968; State v. McCoy, 99 Ohio App. 161, 131 N. E. 2d 679; State v. Wixon, 118 Vt. 495, 114 A. 2d 410; People v. Parker, *supra;* Woods v. State, *supra;* State ex rel. Thompson v. Reichman, 135 Tenn. 653, 188 S. W. 225, Ann. Cas. 1918B 889; City of St. Louis v. Slupsky, *supra.*

"The information must expressly and directly state each fact that is an essential element of the crime intended to be charged so that the accused will not be required to go beyond the information to learn the nature of the charge against him or the issue he must meet. * * *." Benedict v. State, 166 Neb. 295, 89 N. W. 2d 82. See, also, Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533, 169 A. L. R. 868.

"In charging the commission of an offense in an information it is not necessary that the exact words of the statute be used, provided the words employed are the equivalent in meaning of those contained in the statute." Benedict v. State, *supra.* See, also, Fredericksen v. Dickson, *supra;* Spreitzer v. State, 155 Neb. 70, 50 N. W. 2d 516.

"Where a statute states the elements of a crime, it is generally sufficient, in an information or indictment, to

describe such crime in the language of the statute."
Sedlacek v. State, *supra*. See, also, Fredericksen v.
Dickson, *supra*.

"An indictment or information meets all constitutional
requirements (1) if it shows that the acts which defend-
ant is charged with committing amounted to a crime
which the court had power to punish, and that it was
committed within the territorial jurisdiction of the court,
(2) if it informs the defendant of the nature of the
charge against him, and (3) if it constitutes a record
from which it can be determined whether a subsequent
proceeding is barred by the former adjudication." Sed-
lacek v. State, *supra*. See, also, Fredericksen v. Dickson,
*supra;* Cowan v. State, *supra*.

"An information must inform the accused, with rea-
sonable certainty, of the charge being made against him
in order that he may prepare his defense thereto and
also be able to plead the judgment rendered thereon as
a bar to a later prosecution for the same offense." Bene-
dict v. State, *supra*. See, also, Spreitzer v. State, *supra;*
Pauli v. State, 151 Neb. 385, 37 N. W. 2d 717; Anderson
v. State, 150 Neb. 116, 33 N. W. 2d 362.

As stated in 42 C. J. S., Indictments and Informations,
§ 139 (d), p. 1040: "Accused must be apprised of the
crime charged with reasonable certainty, and if the
language of the statute is insufficient for this purpose
further averments of the facts and circumstances must
be made." And, as stated in § 139 (e) thereof, p. 1042:
"Such averments as to time, place, person, and other
circumstances as are necessary to identify the particular
transaction are, of course, necessary."

In 11 C. J. S., Breach of the Peace, § 8, p. 821, the re-
quirements, in this regard, are set out as follows: "In
accordance with the general rules, a complaint, informa-
tion, or indictment for a breach of the peace must set
forth specific acts constituting the offense. If the of-
fense is a statutory one, the complaint, information, or
indictment must follow closely all the statutory essentials

of the offense. Where the words of the statute are fairly descriptive of the offense, it may be sufficient to charge the offense in the language of the statute, or to aver the fact of its commission generally without specifying the words or describing the acts. Where, however, the statute does not contain words sufficient to define any offense, it is not sufficient to charge the crime in the general language thereof, but in such cases the particular language or conduct on which the offense is predicated must be set forth in order that the court may judge whether or not a breach of the peace has been committed."

In the absence of allegations in the information as to specifically what defendant did that willfully disturbed the peace and quiet of some person, family, or neighborhood, where the act or acts took place, and what person, family, or neighborhood they disturbed the peace and quiet of, it is hard to see how the defendant could prepare his defense thereto and how a judgment rendered thereon could constitute a bar to a later prosecution for the same offense if sought to be used for that purpose.

In view of what we have said and held herein, we find the exception taken by the county attorney to the trial court's ruling to be without merit and the same is overruled.

EXCEPTION OVERRULED.