ELMER JOSEPH MORGAN, JR. *v.*
STATE OF MARYLAND
[No. 324, Initial Term, 1967.]

*Decided November 16, 1967.*

The cause was submitted to MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Raymond E. Pryor* for appellant.

*Bernard A. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Frank A. DeCosta, Jr., Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was convicted on December 20, 1966 by the court sitting without a jury of possessing a narcotic drug and was sentenced to three years in the Maryland House of Correction. He contends on this appeal that his arrest without a warrant was unlawful and that the narcotic paraphernalia taken from him by police following his arrest was improperly admitted in evidence at the trial.

The arrest was made under these circumstances: At approximately 1:30 a.m. on November 8, 1966, Officers Sinnett and Covert of the Baltimore City Police Department drove in their marked police cruiser to the Kayo gas station, Officer Sinnett intending to use the men's room at the station. He was told by the station attendant that two men were occupying the facility and had been in it together for approximately twenty minutes. The room contained but one toilet and a sink. The officers waited for some additional brief period of time, following which the men, one of whom was the appellant, emerged and began walking down the street "holding themselves." Sinnett testified that the men appeared dazed, walked in an unsteady manner and that appellant was "flexing his arms and rubbing his left arm * * *." Sinnett further testified that he knew appellant as an associate of convicted narcotic addicts and suspected that he had taken "a needle in the men's room." The officer, therefore, went immediately into the men's room and observed five or six drops of blood on the floor, which, to his touch, were fresh. He

then drove his police vehicle alongside of appellant and his companion as they were walking along the street and, while still in his car, told them to stop, saying "hey, you just took a needle up there in the Kayo station." Appellant, who appeared to Sinnett to be "in a stupor," denied the accusation, stating "go ahead and search me." As the officers were emerging from their car, appellant began removing articles from his pocket, which he placed on the hood of the police car. Officer Covert picked up a pair of gloves which appellant had placed on the hood and upon looking inside, observed narcotic paraphernalia, including a dropper, syringe, needle and small bottle cap.

On the record before us, we hold that when the officers drove alongside of the appellant and his companion and stated aloud their belief that the men had taken naroctics at the gas station, they were not, by reason of such police activity, thereby arrested and placed in police custody. On the contrary, it is well established that when one is approached by a police officer and merely questioned as to his identity and actions, this is only an accosting and not an arrest. See *Duffy v. State,* 243 Md. 425; *Shipley v. State,* 243 Md. 262; *McCham v. State,* 238 Md. 149; *David v. State,* 1 Md. App. 666. Under such circumstances, an individual suspected of committing a crime may be questioned while on the street, and not in an arrest status, without the necessity of first advising him of the constitutional protections afforded him under *Miranda v. Arizona,* 384 U. S. 436, since that case has no application until "the individual is first subjected to police interrogation while in custody at the station or otherwise deprived of his freedom of action in any significant way." See *Miranda* at page 477. To like effect, see *Duffy v. State, supra; Dixon v. State,* 1 Md. App. 623; *Gaudio and Bucci v. State,* 1 Md. App. 455. And while there was no search conducted of the appellant in the constitutional sense, we nevertheless point out that there is nothing in *Miranda* that requires the police to advise an accosted suspect that he need not submit to a search or that, if he does, that the fruits thereof may be used as evidence against him. See *State v. McCarty,* 427 P. 2d 616 (Kan.), and *State v. Forney,* 150 N. W. 2d 915 (Neb.). Indeed, *Miranda* is essentially limited to prohibiting evidence of oral or written statements stemming from custodial interroga-

tion where the accused has not been advised of his constitutional rights under that decision. See *Lamot v. State,* 2 Md. App. 378.

We think the arrest of appellant did not occur until after the officers had seen the narcotic paraphernalia in the glove and that, at this time, they had probable cause to arrest for the felony of possession of narcotics. Prior to such arrest, the appellant was neither "in custody" nor subjected to "interrogation" within the meaning of *Miranda,* so that what he did and what he said when accosted could in no event be affected by that decision.

We, therefore, find the arrest lawful and the incriminating articles properly admitted into evidence.

*Judgment affirmed.*