STATE OF NEBRASKA, APPELLEE, V. DAROLD FORNEY,
APPELLANT.

157 N. W. 2d 403

Filed March 22, 1968.   No. 36733.

Fisher & Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

Defendant, tried without a jury by his consent, was convicted and sentenced for burglary.  The only question presented here is the admissibility of evidence received as the result of a search of the defendant's automobile. This same question was decided adversely to the defendant by one judge of this court on the State's appeal from an interlocutory order suppressing the evidence.   State

v. Forney, 181 Neb. 757, 150 N. W. 2d 915. The case is now before the full court for decision on the merits. We adhere in all respects to Judge Spencer's decision therein.

The facts are not disputed, are fully set out in State v. Forney, *supra,* and will not be recited herein except for convenience in discussion. The State here raises the further contention that, regardless of consent to the search, probable cause under the Fourth Amendment existed for the search of defendant's automobile.

A burglary had occurred at Merriman, Nebraska. The officers were alerted to look for suspects. It was between 3 and 4 a.m. Merriman is to the east of Gordon and a police officer followed the defendant's car coming from the east; when it stopped, he recognized defendant, and on inquiry the defendant said he had been in Rushville, which is west of Gordon. Defendant asked if there was anything wrong and the officer told him there had been a "deal" at Merriman. Defendant and companion went into a cafe for awhile, on leaving defendant started to back from the curb, and when asked by a deputy sheriff, he voluntarily consented to going to the police station where the consent to the search took place. No magistrate was readily available and there was obviously no time available to secure a search warrant as the defendant was backing from the curb and leaving. Probable cause for a warrantless search must be determined on the particular facts and circumstances of each case. The existence of probable cause must be determined by a practical and not by any technical standard and where time is of the essence it is a highly relevant factor in evaluating the circumstances. State v. Carpenter, 181 Neb. 639, 150 N. W. 2d 129. Probable cause for searching motor vehicles cannot be treated the same as searches of fixed structures, like houses. Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. Ed. 2d 777; Brinegar v. United States, 338 U. S. 160, 69 S. Ct. 1302, 93 L. Ed. 1879; Alston v. State, 30 Wis. 2d 88, 140 N. W. 2d 296. Considering the time that this occurred in a small community,

the knowledge of a recently committed burglary, the probable false statement of the defendant as to where he came from, and the lack of time to procure a warrant, we hold that under the circumstances reasonable and probable cause existed for the search of defendant's automobile, which in turn undisputedly revealed probable cause for his arrest. This case is quite parallel to State v. Carpenter, *supra,* and supports strongly our holding here. It therefore becomes unnecessary in the determination of this issue to consider questions involving an interpretation of the "stop and frisk" statute (section 29-829, R. S. Supp., 1965).

The defendant, on request, voluntarily went to the police station, and there voluntarily consented to the search of his automobile. The facts are set out in full in State v. Forney, *supra,* and we adhere to the reasoning and law found therein. See State v. Forney, *supra,* and cases cited therein.

The fundamental contention of the defendant is that the consent must be preceded by the Miranda required Fifth Amendment warnings. Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974. We reject this contention and adhere to the holding in State v. Forney, *supra,* We implement that decision by pointing out that subsequent thereto the following cases directly hold that the Miranda requirements do not apply to the obtaining of consent to a search under the Fourth Amendment. Lamot v. State, 2 Md. App. 378, 234 A. 2d 615; Morgan v. State, 2 Md. App. 440, 234 A. 2d 762; State v. McCarty, 199 Kan. 116, 427 P. 2d 616; Gorman and Roche v. United States, 380 F. 2d 158 (1st Circuit). We note that in the Gorman and Roche case this was the holding even after the defendant Gorman was arrested and in custody. The "procedural safeguards" of Miranda are designed to protect against the implied coercion of post arrest or in-custody interrogation and thus, by the terms of the Fifth Amendment, prevent a defendant from de facto becoming a witness against himself. There is

no such design or purpose in the Fourth Amendment. It is the unreasonable seizure that it condemned, and not any inherent constitutional evil in a defendant's statements. The consent here is asked for and not "required" from the necessary compulsion implied in an in-custody interrogation. Asking for consent negatives independent authority for a search. In-custody interrogation, without the warnings, implies the authority.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.