STATE OF NEBRASKA, APPELLEE, V. JERRY BAKER, APPELLANT.

161 N. W. 2d 864

Filed October 21, 1968. No. 36829.

Baskins, Baskins & Schneider, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Jerry Baker, was convicted of felonious entry of a grocery store. His motion for new trial was overruled and he has appealed.

The record shows that the defendant's father had an agreement with the Jack & Jill Store in North Platte, Nebraska, to furnish custodial service to the store. The defendant had been doing this work at the store for about 18 months. On April 29, 1966, at about 7:15 p.m., the defendant, his wife, and another person entered the store. The store was closed at that time and they used a key furnished for that purpose to unlock the door and enter the store. After they had entered the store they proceeded to clean it. The defendant was seen placing merchandise and groceries in a tank-type vacuum cleaner and in a paper sack. At about 8:45 p.m., the defendant left the building carrying a paper sack which he placed in a panel truck parked outside the store. He reentered the building and carried a mop bucket out to the truck. He

reentered the building again and brought out the vacuum cleaner and another paper sack. At about this time Richard Edwards, one of the owners of the store, appeared and asked to look in the vacuum cleaner and the sacks. The police arrived and also asked to look in the vacuum cleaner and the sacks. The defendant consented and removed the vacuum cleaner and the sacks from the truck. The police and Edwards then examined their contents. The defendant was placed under arrest and taken to the police station.

The defendant was charged under section 28-533, R. R. S. 1943, which provides in part as follows: "Whoever willfully and maliciously, either in the daytime or night season, enters any * * * store, * * * and attempts to * * * rob or steal, * * * shall upon conviction thereof * * *" be sentenced to imprisonment. The offense under this section is a statutory variation of burglary and consists of the unlawful entry of the building and the committing or attempt to commit one of the acts enumerated. McElhaney v. Fenton, 115 Neb. 299, 212 N. W. 612; Smith v. State, 68 Neb. 204, 94 N. W. 106.

The defendant contends that there was no unlawful entry of the building in this case because the defendant had the permission of the owners to enter the building to do custodial work, and a key had been furnished for that purpose. Where breaking and entering is required, a consent to enter is usually a defense. See State v. Sneff, 22 Neb. 481, 35 N. W. 219.

The State contends that an entry with the intent to steal is an unlawful entry and satisfies the requirement that the entry be willful and malicious. Although there is authority to the contrary, this appears to be the better rule where the requirement of a breaking has been eliminated. See, McCreary v. State, 25 Ariz. 1, 212 P. 336; People v. Sears, 62 Cal. 2d 737, 44 Cal. Rptr. 330, 401 P. 2d 938; People v. Schneller, 69 Ill. App. 2d 50, 216 N. E. 2d 510; State v. Skillings, 98 N. H. 203, 97 A. 2d 202; State v. Schaffer, 113 Ohio App. 125, 17 Ohio O. 2d

114, 177 N. E. 2d 534; Annotation, 93 A. L. R. 2d 531.

There was evidence in this case from which the jury could find the defendant intended to steal at the time he entered the store. The evidence was sufficient to sustain the conviction.

Before trial the defendant moved to suppress as evidence the items taken from the truck at the time he was apprehended outside the grocery store. This motion was overruled and the ruling is assigned as error.

The evidence shows that the defendant consented to the search. The fact that police officers were present at the time of the search and the defendant was not advised concerning his rights did not make the search illegal. State v. Forney, 181 Neb. 757, 150 N. W. 2d 915, 182 Neb. 802, 157 N. W. 2d 403. The motion to suppress was properly overruled.

It is unnecessary to consider the other assignments of error.

The judgment of the trial court is affirmed.

AFFIRMED.

McCowN, J., dissenting.

The defendant was obviously guilty of larceny. However, he was charged and convicted of an aggravated statutory form of burglary. The evidence was undisputed that he had permission to enter the building at the time and place to do custodial work, and that he performed such work.

Section 28-533, R. R. S. 1943, has two separate elements: First, the unlawful entry and second, the committing or attempting to commit one of the acts enumerated after entry. See Fredericksen v. Dickson, 148 Neb. 739, 29 N. W. 2d 334.

The rule is supportable that an unlawful or malicious intent at the time of entry may be inferred from the commission of a crime after entry, and make the entry unlawful. However, most of the cases supporting such a rule do not involve factually established privilege of entry, and have evidence only of the commission of un-

lawful acts after entry. They do not ordinarily involve situations where the defendant is licensed or privileged to enter and also performs the acts for which permission was given.

The majority holding here, would permit a petty shoplifter, caught in the act, to be convicted of an aggravated statutory form of burglary. It seems apparent that the statute was not intended to suggest that a simple entry is presumed to be unlawful if the requisite intent is present. "The character or kind of entry is expressly qualified; it must be unlawful in itself, that is, trespassory, and without regard to the second element of the crime, the intent to steal." Smith v. State, 362 P. 2d 1071, 93 A. L. R. 2d 525 (Alaska 1961).

Aggravated burglary sanctions ought not to be imposed upon one who enters a building lawfully by right or consent. Modern penal provisions as to burglary specifically except situations where the premises are at the time open to the public or the actor is licensed or privileged to enter. See American Law Institute, Model Penal Code, § 221.1, Burglary.

The language of section 28-533, R. R. S. 1943, is only typical of the archaic and confused state of our present criminal code. For example, section 28-535, R. R. S. 1943, still authorizes imprisonment in the "dungeon of the jail." Revision is long overdue.