No. 45,392

THE STATE OF KANSAS, *Appellee*, v. MADISON STEIN, *Appellant*.

(456 P. 2d 1)

Opinion filed June 14, 1969.

*Richard O. Skoog*, of Ottawa, argued the cause and was on the brief for the appellant.

*Edward Collister, Jr.*, Assistant Attorney General, argued the cause, and *Kent Frizzell*, Attorney General, and *Myron S. Steere*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Madison Stein, was charged with second degree burglary and grand larceny. He was convicted on both charges and has appealed.

Two points, only, are raised on this appeal: (1) that the defendant's motion to suppress evidence was erroneously overruled, and (2) that the evidence was insufficient for a conviction.

A summary of certain evidence introduced by the state is essential to an understanding of both contentions.

On the night of January 22, 1968, the Butler's Music Store in Ottawa was broken into and certain property was taken from the safe, including more than $200 in cash and currency, a paper sack of Kennedy half dollars, a 1798 silver dollar, other silver dollars, foreign coins, three revolvers and keys. Only insurance papers re-

mained. At the time the burglary was committed the defendant was a student of the Ottawa High School.

On the day following, two police officers visited the high school principal who, at their request, and with Mr. Stein's consent and on his own judgment, opened Stein's school locker and brought its contents to his office. The defendant agreed that the officers might look through the contents of the locker and a search thereof revealed a key in the bottom of a pack of cigarettes. The defendant said the key was to a locker in the Kansas City Union Station in which he had left some clothing on his return from Texas and that his parole master had refused to let him go to Kansas City to return his clothes.

When the officers suggested they would help him in getting his clothing, Stein accompanied them to the police station where a phone call to Kansas City disclosed there was no such locker at the station. Further investigation revealed that the key was to a locker at the Lawrence Bus Depot. A search warrant was obtained and the Lawrence locker yielded a considerable amount of cash and currency, a 1798 silver dollar, 8 other silver dollars, 52 half dollars, a paper sack with Butler's name thereon containing keys and foreign coins and a silver dollar with "Beth Butler" stamped therein. All this property was identified by Mr. Butler.

At the trial the property taken from the Lawrence locker was admitted into evidence after the court first heard testimony at an out of court hearing on the defendant's motion to suppress the evidence. This ruling is alleged to be error, the contention essentially being that Mr. Stein was not given a *Miranda* warning before he consented to the search of the school locker.

It is conceded that no such warning was given Stein prior to the time his school locker was opened by the principal and his effects brought to the school office. Despite this fact, we believe the defendant's argument must be rejected on two grounds.

In the first place we have recently held, in *State v. McCarty*, 199 Kan. 116, 427 P. 2d 616, that the *Miranda* rule is not applicable to a search and seizure situation; that the validity of a consent to the search of private premises does not depend on the owner's having first been given the warning delineated in *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.

The rationale of the *McCarty* case is exemplified in cases from jurisdictions other than our own. (*State v. Oldham*, 438 P. 2d 275 (Ida.); *State v. Forney*, 181 Neb. 757, 150 N. W. 2d 915; *State v.*

*Forney,* 182 Neb. 802, 157 N. W. 2d 403; *State v. Baker,* 183 Neb. 499, 161 N. W. 2d 864; *Lamot v. State,* 2 Md. App. 378, 234 A. 2d 615.)

It is true that in *McCarty* this court said that a consent to a search must be voluntary. However, no claim is made here that Stein's consent was coerced or other than voluntary. We think it clear from the record that Stein agreed to the search without a word of complaint or objection and in a setting which is not to be equated with the aura of oppressiveness which oft pervades the precincts of a police station. The trial court held the physical evidence to be admissible, and we cannot say it erred in so doing.

Secondly, the defendant's argument must fail because of the nature of a high school locker. Its status in the law is somewhat anomalous; it does not possess all the attributes of a dwelling, a motor vehicle, or a private locker. As to the latter, the possessor's right of possession is exclusive; it is protected from unwarranted intrusion as against the world. The principal of the Ottawa High School testified that he has custody and control of, and access to, all lockers at the school; that he has a master list of all combinations to all combination padlocks, and a key which will open every locker. He testified also that he opened Stein's locker on his own judgment.

Although a student may have control of his school locker as against fellow students, his possession is not exclusive against the school and its officials. A school does not supply its students with lockers for illicit use in harboring pilfered property or harmful substances. We deem it a proper function of school authorities to inspect the lockers under their control and to prevent their use in illicit ways or for illegal purposes. We believe this right of inspection is inherent in the authority vested in school administrators and that the same must be retained and exercised in the management of our schools if their educational functions are to be maintained and the welfare of the student bodies preserved.

A quite analogous situation arose in New York, where a vice principal gave his voluntary consent to the search of a school locker by police officers, the search resulting in the seizure of marijuana. In holding that the search was valid, having been based on the school official's consent, the Court of Appeals, in *People v. Overton,* 20 N. Y. 2d 360, 229 N. E. 2d 596, spoke in this wise:

"The power of Dr. Panitz to give his consent to this search arises out of the distinct relationship between school authorities and students. The school

authorities have an obligation to maintain discipline over the students. It is recognized that, when large numbers of teenagers are gathered together in such an environment, their inexperience and lack of mature judgment can often create hazards to each other. Parents, who surrender their children to this type of environment, in order that they may continue developing both intellectually and socially, have a right to expect certain safeguards.

"Indeed, it is doubtful if a school would be properly discharging its duty of supervision over the students, if it failed to retain control over the lockers. Not only have the school authorities a right to inspect but this right becomes a duty when suspicion arises that something of an illegal nature may be secreted there. When Dr. Panitz learned of the detectives' suspicion, he was obligated to inspect the locker. This interest, together with the nonexclusive nature of the locker, empowered him to consent to the search by the officers." (pp. 362, 363.)

The evidence which we have already set out effectively refutes the defendant's assertion that the evidence was insufficient to sustain the conviction. This court has held, in cases too numerous to mention, that its appellate function, where the sufficiency of evidence is questioned, is simply to determine whether the conviction is supported by competent evidence of a substantial nature. (See cases in 2 Hatcher's Kansas Digest (Rev. Ed.) Criminal Law, § 438.)

Measured by that test, it is clear to us that the evidence of record, only a part of which has been recited, is entirely adequate to support the jury's verdict of guilty. The defense of alibi offered by Stein obviously failed to impress the jury, as did his tale that the property found in the locker at the bus station had been filched from Mr. Butler's safe two or three years ago.

No error has been made to appear and the judgment is affirmed.