STATE OF NEBRASKA, APPELLEE, v. GERRY FIEGL, APPELLANT.

171 N. W. 2d 643

Filed October 24, 1969. No. 37208.

James R. Welsh and Schrempp, Rosenthal, McLane & Bruckner, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A jury found defendant guilty of unlawful possession of a depressant and stimulant drug. Defendant has appealed. He assigns for error the overruling of his motions (1) to quash the information, (2) to exclude all jurors, except the one under examination, from the courtroom during defendant's preliminary examination of jurors, and (3) to suppress the drugs from evidence.

The motion to quash the information came more than two months after defendant had pleaded not guilty. All defects that may be excepted to by a motion to quash are taken to be waived by defendant pleading the general issue. § 29-1812, R. R. S. 1943. The ruling was correct.

The motion concerning voir dire examination rested on publicity about importation of drugs from California and drug abuse in Omaha. No item mentioned defendant. A party in the selection of a jury ordinarily has no right to examine a juror out of the presence of all other jurors. The district court ruled correctly.

Defendant contends that the drugs which police seized in a warrantless search of defendant's automobile were within the exclusionary rule. The main question is whether defendant consented, the evidence disclosing the following: The Omaha police department received information from employees of Todd's Drive-In about illicit sales of drugs there. The informants, otherwise unidentified, described the seller as the owner of a green 1967 GTO Pontiac with black vinyl top and California license places. The information was relayed to officers Brigham and Dalgliesh of the vice control section. At 8 or 8:30 p.m., August 28, 1968, they saw at least five persons near a Pontiac of that description in a parked position at the drive-in. Investigating, they found defendant, who owned the Pontiac.

When defendant asked the officers why they were

investigating him, Brigham said he had reliable information about possession and sale of drugs by defendant. Brigham testified: "Q. . . . did you tell him you wanted to search the car? A. Yes, sir. Q. Did you tell him you would have to have the car taken down to the Station to do this? A. Yes, sir. Q. And that certain forms would have to be filled out first? A. Yes. . . . Q. Did he go to the Station voluntarily with you for the purpose of filling out certain consent and search warrants? A. Yes, sir." At the station the officers advised defendant of his constitutional rights, and defendant consented orally and in writing to the search. Inside the Pontiac trunk an unlocked suitcase·opened by defendant was found to contain a sock in which the drugs were hidden.

A warrantless search of defendant's automobile and seizure of materials found there are reasonable when defendant has consented freely and intelligently. See, State v. Baker, 183 Neb. 499, 161 N. W. 2d 864 (1968); State v. Forney, 182 Neb. 802, 157 N. W. 2d 403 (1968). The district court correctly denied defendant's motion to supress the drugs from evidence.

Other assignments of error are not well taken. The judgment of the district court is affirmed.

AFFIRMED.