STATE OF NEBRASKA, APPELLEE, v. NORMA DREIFURST AND HARRY LAUDENKLOS, APPELLANTS.

282 N. W. 2d 51

Filed August 14, 1979. No. 42363.

George H. Moyer, Jr. of Moyer, Moyer & Egley, for appellants.

Paul L. Douglas, Attorney General, and Robert F. Bartle, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendants, Norma Dreifurst and Harry Laudenklos, were found guilty by a jury in the county court of Platte County, Nebraska, of the offense of

abusing an officer in the performance of his duties, in violation of section 28-729, R. R. S. 1943. Each defendant was fined $100 and costs. On appeal to the District Court the convictions and sentences were affirmed and this appeal followed.

The complaint in county court charged that four defendants, Norma Dreifurst, Raymond Dreifurst, Sharon Laudenklos, and Harry Laudenklos, on February 19, 1977, in the village of Monroe, Platte County, Nebraska, verbally abused certain Platte County deputy sheriffs, including Officers Waddell and Brown, who were then acting in the execution of their office, in that the defendants, and each of them, shouted obscenities directed at the officers, including the terms "fucking pigs," "son-of-a-bitch," "bastard," and "fucking cops." Motions for separate trials were denied and trial was had to a jury in the county court.

The evidence for the State established that Platte County deputy sheriff LeRoy Waddell was on patrol duty on the evening of February 18, and early morning of February 19, 1977. At approximately 12:20 a.m., on February 19, 1977, as he arrived in Monroe, he noticed two cars stopped side by side in the street. Both cars drove off, one spinning its wheels and Waddell followed that car to give the driver a verbal warning. The car stopped in front of the Laudenklos' residence. Waddell used his flashlight and observed beer cans in the car. Upon request for identification, he determined that the occupants of the car were all minors. Waddell directed the boys to get out of their car and stand in front of it, and advised them they were under arrest for being minors in possession of alcohol. He told the boys that they could either follow him in their car or come in the police car.

At this point the defendants, Harry and Sharon Laudenklos, and Norma and Raymond Dreifurst, who were returning on foot from a bar where they

had spent a portion of the evening, arrived on the scene. Harry Laudenklos shouted at Waddell calling him some of the specific obscenities charged in the complaint and accusing him of arresting kids for no reason at all, and ordered Waddell to get out of town. The defendant, Norma Dreifurst, called Officer Waddell similar specific names and told him, with assorted obscenities, that he was not going to take the boys to jail and they were not going to let him do so.

At this point Waddell radioed for assistance and before and after the arrival of Officer Kaup, Harry Laudenklos and Norma Dreifurst called Officer Waddell various names including "son-of-a-bitch" and "bastard." Waddell finally left Monroe with the four boys in his car, followed by Officer Kaup. A few minutes afterward, Deputy Brown arrived in Monroe and was greeted with a similar group of obscenities.

The witnesses for the defense denied that the defendants had called any of the officers the names related by the prosecution witnesses, or had referred to the officers in any obscene terms.

At the conclusion of the State's evidence the defendants moved for a mistrial based on misjoinder of parties, which was denied. The defendants also moved to dismiss charges against all defendants on the ground of insufficient evidence, and the trial court sustained the motion to dismiss as to Raymond Dreifurst and Sharon Laudenklos, but denied the motion to dismiss as to the other two defendants. The prosecutor then asked leave to dismiss as to the two remaining defendants, Norma Dreifurst and Harry Laudenklos, and that motion was denied. At the conclusion of the defendant's evidence the defense renewed its motions to dismiss and for mistrial, and those motions were denied.

The jury returned a verdict of guilty as to both Norma Dreifurst and Harry Laudenklos. The county

court fined each defendant $100 and costs. The District Court affirmed the judgment of the county court and this appeal followed.

The defendants first contend that the complaint was insufficient to charge an offense under section 28-729, R. R. S. 1943. That section provides: "Whoever abuses any judge or resists or abuses any sheriff, constable or any other officer in the execution of his office, shall be fined in any sum not exceeding one hundred dollars or be imprisoned in the jail of the county not exceeding three months."

Essentially, the argument is that abuse of an officer is not defined in the statute and that a charge in the terms of the statute would be insufficient. Conceding that argument, the complaint here did more than merely charge an offense in the terms of the statute. It specified the acts which constituted the alleged violation and even specified the specific obscenities the defendants were alleged to have shouted at the officers, as well as naming the officers to whom the obscenities were directed.

The law is quite clear that an information or complaint must inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to a later prosecution for the same offense. See, State v. Coomes, 170 Neb. 298, 102 N. W. 2d 454; Cowan v. State, 140 Neb. 837, 2 N. W. 2d 111.

The amended complaint in the case before us clearly set forth specific acts which were charged to constitute abuse of an officer and specified with particularity the words and acts involved. The demurrers to the amended complaint were properly overruled.

Defendants next assert that there was an improper joinder of offenses and parties, and assert that they were prejudiced by the refusal to grant separate trials. Under the plain language of section 29-2002,

R. R. S. 1943, two or more offenses and two or more defendants may be charged in the same complaint and tried together under the circumstances involved here unless it can be shown that such joinder will prejudice the defendants. The instructions required the jury to determine what each individual defendant may have said. Even during the course of trial the court specifically cautioned the jury that what was said by one defendant could not be attributed to another. In addition, the individual defendant who made each abusive remark or comment was identified before a witness was allowed to testify as to what was said. Instruction No. 7 instructed the jury that each defendant was entitled to have his guilt or innocence determined from his own conduct and that evidence relating to one defendant could not be considered against the other defendant. The trial court took particular care to guard against possible prejudice to either defendant. The advisability of joint or separate trials is directed to the sound discretion of the trial court and that discretion was not abused here. See State v. Rodgers, 186 Neb. 633, 185 N. W. 2d 448.

The defendants also argue that in order for words to constitute "abuse" they must be words which actually hinder, obstruct, or impede the officer in the performance of his duty. The argument is answered by the case of State v. Boss, 195 Neb. 467, 238 N. W. 2d 639. In that case this court held that the term "abuse" in section 28-729, R. R. S. 1943, may include verbal injury as well as physical. We held that verbal abuse includes only "fighting words," namely, words which by their very utterance tend to inflict injury or tend to incite an immediate breach of the peace. We also held that whether any particular use of abusive language constitutes "fighting words" depends not only upon the words used but also upon the circumstances in which they are used.

In the case now before us the jury was instructed

in accordance with the Boss case. The court specifically defined "fighting words" in the exact language of Boss, and instructed the jury that it must determine from all the facts and circumstances whether or not the words used by a defendant constituted "fighting words." The jury found each defendant guilty and the evidence is sufficient to support the verdict.

The remaining assignments of error of the defendants are without merit. The judgment of the District Court was correct and is affirmed.

AFFIRMED.