STATE OF NEBRASKA, APPELLEE, V. MAX SCHACHTER, APPELLANT.

348 N.W.2d 911

Filed June 1, 1984.   No. 83-652.

Max Schachter, pro se.

Leonard G. Tabor, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Appellant, Max Schachter, was convicted in the county court for Scotts Bluff County, Nebraska, of a violation of the city code of Gering, Nebraska, No. 6-1-9, disturbing the peace.

Unlike many such ordinances using only general language, the ordinance attempts to define the offense with some particularity.   The complete section is as follows:

It shall be unlawful for any person, wilfully, maliciously, intentionally or unnecessarily, to disturb the peace and quiet of another or of any neighborhood or family or religious congregation or other assembly by loud or unusual noises or indecent behavior or by offensive or unbecoming conduct or for any person to threaten, quarrel, fight or provoke an assault or battery or curse or swear or utter any obscene or vulgar or indecent language in the presence of another.

Max Schachter was assessed a fine of $10 and ordered to pay costs of $85.76. On appeal to the district court the judgment and sentence were affirmed. Schachter appeals pro se to this court.

While not entirely clear, the principal assignments of error seem to be (1) that there was not sufficient evidence to sustain the conviction, and (2) that the arrest was illegal.

A short discussion of the facts is necessary. It appears that appellant was, at least until a short time before the incident for which he was arrested, a member in good standing of the local chapter of the Veterans of Foreign Wars (VFW). A dispute arose between Schachter and some members of the chapter concerning the operation of the VFW hall. Schachter protested what he termed illegal gaming activities operating at the club. Shortly before the incident, Schachter was notified by letter that he was suspended as a member and was definitely persona non grata at the hall. The propriety of the letter of suspension by the commander of the post, rather than suspension by charges and trial by court-martial, is argued by the parties. We will not enter the thicket of the VFW suspension procedures, content to deal with those of our own in a reasonably lucid and, we hope, a consistent fashion.

On March 10, 1983, after his suspension, Schachter presented himself at the club and requested admittance. The commander informed Schachter that he had been suspended and that the suspension was still in effect. The commander asked Schachter to leave. Schachter refused to leave and two members of the Gering Police Department were called. On arrival the policemen were directed to a basement room, where they asked Schachter to come out to a hallway and discuss the matter with them.

Schachter complied with each request, and the conversation was conducted in a civil manner. All agree that voices were not raised nor any threats uttered. There is no evidence that Schachter used

obscenities or made vulgar statements. The reason for the arrest is well summarized in the complaint filed in the county court, that Max Schachter did "I. disturb the peace and quiet by refusing to leave the premises at VFW Hall when requested to do so by the manager and a Gering Police Officer." When placed under arrest, Schachter peacefully accompanied the officer.

It is elementary that the city had the burden to prove the elements of the charge filed beyond a reasonable doubt, since a possible incarceration could result from a conviction of the charges. See, *State v. Kolosseus*, 198 Neb. 404, 253 N.W.2d 157 (1977); *State v. Knoles*, 199 Neb. 211, 256 N.W.2d 873 (1977); *State v. Coomes*, 170 Neb. 298, 102 N.W.2d 454 (1960).

It also appears that the ordinance defines how a person may disturb the peace in Gering, Nebraska. One may do so by (1) loud or unusual noises, or (2) indecent behavior, or (3) offensive or unbecoming conduct, or (4) threatening, quarreling, or fighting, or (5) provoking an assault or battery, or (6) cursing or swearing, or (7) uttering any obscene or vulgar or indecent language in the presence of another.

It is not disputed that Schachter did not commit the offense in the manner specified by (1), (2), (4), (5), (6), or (7). By a process of elimination, if the charge can be sustained, it must be that the dignified assertion of one's right to remain in a club of which one is a member (albeit suspended—correctly or incorrectly) is "offensive or unbecoming."

It is fairly obvious that Schachter may have appropriately been charged with failing to obey a *lawful* order of a police officer, or even trespassing. We are not prepared to say that a refusal to obey an order of a policeman, made to the policeman, alone is somehow offensive or unbecoming. Therefore, we need not address the related question of whether the terms "offensive or unbecoming" are not so vague as to be constitutionally suspect.

The city of Gering having failed to prove the ele-

ments of the offense, the conviction of the appellant must be reversed and the charge dismissed.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.